O’CONNELL, Justice.
Claimant, Ruth Reagan, who is respondent and cross-petitioner in this proceeding, sustained a compensable back injury in 1958. A claim was filed and was controverted by the carrier and employer.
By stipulation executed by claimant and the carrier and their counsel, but not by the employer, the claimant agreed to accept a lump sum payment in exchange for a discharge of liability of the employer and carrier for all compensation benefits past and future.
A deputy entered an order approving the stipulation and requiring the parties to perform the terms of the stipulation.
Shortly thereafter by another stipulation approved by a deputy’s order, it was made clear that the first stipulation and order only settled claimant’s right to future compensation benefits specifically giving her the right to future medical benefits.
Within a few months claimant had an operation on her back following which *224 she filed a claim asking for additional remedial treatment, additional compensation and expenses. It should be noted here that this ■claim did not request modification or review under Sec. 440.28, F.S.A. because of change of condition or mistake in fact. In addition, at the commencement of the first hearing on the claim, counsel for claimant made it clear that he was not seeking modification of the order under which the lump sum payment settling compensation benefits was made by the carrier and accepted by the claimant. In response to a question by the deputy he stated that he sought to set aside the lump sum payment stipulation and order "as far as compensation is concerned”, and also sought payment of some $1500.00 in medical expenses incurred subsequent to the stipulation and order approving the settlement. Almost all of claimant’s evidence was directed toward proving that she did not understand that the stipulation and lump sum payment paid thereunder barred her right to further compensation. No effort was made to prove mistake of fact or change of condition.
Thus the issues and the evidence presented to the deputy were different than would have been the case had the claimant sought modification or review under Sec. 440.28, supra.
Hearings were held resulting in an order in which the deputy ordered the carrier-employer to pay claimant’s medical expenses but denied her claim for further compensation. The deputy found that claimant understood the effect of the stipulation by which she agreed to accept a lump sum settlement of her right to future compensation benefits, specifically rejecting claimant’s contention to the contrary.
' The deputy also found against claimant on her argument that the failure of the deputy entering the lump sum payment order to comply with Commission Rule 16(g) invalidated that order. Rule 16(g) requires that, before entering a lump sum settlement order under the second sentence of Sec. 440.20(10), F.S.A., the deputy refer the claimant to the rehabilitation department of the commission for recommendation as to the advisability of such a lump sum settlement.
On review the Full Commission agreed with the deputy that failure of the first deputy to observe Rule 16(g) did not invalidate the first order entered on the stipulation. It pointed out that in Adams v. Roberts Plumbing Company, 3 FCR 366, it had held this rule to be directory and not mandatory. However, the commission reversed the deputy in his holding that the stipulation and lump sum payment order barred claimant from further compensation. The commission reversed this part of the deputy’s order on two grounds. First, it reasoned that the stipulation on which the lump sum payment order was entered was not a “joint petition of all interested parties” as required for a “wash out” order under the second sentence of Sec. 440.20(10), F.S.A. This was so, said the commission because the employer did not sign the stipulation. Second, it held the stipulation and order did not constitute a “wash out” because it settled only compensation benefits, and the second sentence of the section required settlement and discharge of both compensation and medical benefits and liability therefor.
The commission remanded the cause to the deputy with directions that he treat the claim as a petition for modification and consider it on the merits.
The employer and carrier petitioned for certiorari and the claimant filed a cross-petition.
We agree with the commission that the failure to observe Rule 16(g) did not invalidate the lump sum payment order of the first deputy. This rule is directory only.
We do not agree w'th the commission in its holding that the stipulation was not a “joint petition of all interested parties” because the employer did not execute it. In her application for review to the commission claimant did not attack the *225 stipulation and order on this ground. Sec. 440.25(4) (a) F.S.A. requires that such application for review “ * * * state precisely and particularly the grounds upon which the appellant relies, and the consideration of the commission thereof will be confined solely to the grounds so presented.” The commission should not have considered this alleged deficiency in the stipulation and order.
Assuming that this point had been properly presented to the commission the failure of the employer to sign the stipulation should not be held to destroy its effect as a “joint petition.”
It is the employer who owes the responsibility for and has the liability to provide compensation and other benefits to the claimant under the act. However, where the employer is insured the carrier is substituted in the employer’s place for all practical purposes. Sec. 440.41, F.S.A. recognizes and authorizes this. While we do not find that the commission has by rule or regulation fully implemented the provisions of this section as regards the discharge by the carrier of the employer’s obligations there can be no doubt that in actual practice the carrier acts for the employer in such proceeding. There can be no doubt that in the stipulation in question the carrier was acting for the employer. The stipulation specifically provides that claimant discharged both the employer and the carrier of liability for compensation benefits. The claimant accepted the benefits of the stipulation and cannot be held to complain that it is not binding on her because the employer did not sign it.
Were it not for the provisions of the stipulation itself, we would be inclined to agree with the Full Commission that the “lump sum” settlement order was not immune from modification or review under Section 440.28, supra.
Section 440.20(10) provides for two kinds of lump sum payment orders. The first sentence of the section deals with lump sum payment of all or a part of compensation benefits only and makes no mention of the susceptibility of such order to modification ■or review. The second sentence deals with lump sum payment of all benefits, both compensation and medical, and specifically provides that such an order discharging all liability will not be subject to modification or review under Section 440.28, supra.
 By specifically providing that the second type order would not be subject to review or modification and by failing to make such provision regarding the first type of order, the Legislature made a critical distinction in the effect of the two types of orders. If the settlement provides merely for lump sum payment of compensation it remains subject to subsequent modification under Section 440.28, supra. If the settlement disposes of both compensation and medical benefits it constitutes a so-called “washout” which by the terms of the statute is not subject to subsequent modification.
The problem which confronts the claimant in the instant case derives from the specific language of the original stipulation. In agreeing to the entry of the settlement order the stipulation specifically provided “that the said compensation order shall not be subject to modification or review under Section 440.28, Florida Statutes, 1959, for compensation benefits.” This provision was not affected, but by implication was reaffirmed, by the subsequent stipulation which made it clear that the original stipulation was not intended to terminate the claimant’s right to future medical attention.
Under Section 440.05, Florida Statutes, an employee may waive all of the benefits of the Workmen’s Compensation Act. We see no logical reason why an employee may not waive specific provisions of the Act. In the instant case, by the expressed language of the stipulation, the claimant expressly waived any right to a subsequent modification of the stipulated order for compensation benefits as such.
*226 As noted earlier, the claimant here did not actually seek modification or review but rather attempted to set aside the stipulation and order entered pursuant thereto on the ground that the stipulation itself was the product of a mistake. The deputy resolved this issue against the claimant. We think he ruled correctly.
In view of the fact that the deputy correctly construed the stipulations and properly applied the law applicable thereto, we must conclude that the Full Commission committed error in reversing him. The order of the Full Commission is, therefore, quash.ed with directions to reinstate the order of the deputy.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL and CALDWELL, TJL concur.