THOMAS, Justice.
This controversy, in our opinion, revolves principally around Rule 1 of the Rules of Procedure of the Florida Industrial Commission, which provides as follows:
"All agreements, stipulations, and waivers, to be valid: (1) must be in writing and signed by the parties or their counsel and filed with the Deputy Commissioner, or the Commission, or (2) must be made in the presence of the Deputy Commissioner or the Commission, and reduced to writing by him, or them and made a part of the record, or (3) dictated by the parties or their counsel 'in the record in the presence of the Deputy Commissioner, at a hearing.” (Italics supplied.)
With this regulation in mind we proceed to a chronicle of the procedure followed pursuant to it, pausing only briefly to state the fact that the claimant was unquestionably injured in a work-connected accident, but the details of the mishap are not relevant to the present dispute.
A settlement was negotiated affecting all elements of the claim except liability for future medical benefits. As reflected in the deputy commissioner’s order of 10 May 1966 “the liability of the employer/carrier for the payment of compensation benefits of any type with the exception of medical attention * * * [was] by the terms of this settlement and agreement, discharged *274 and released.” Furthermore, the employer-carrier was “to pay the claimant * * * the amount of * * * $1,650.00 dollars,” the fees of claimant’s attorney, the charges for medical services of certain doctors, and the costs of the reporter.
During an extended hearing on 30 March 1966 the deputy heard certain testimony then adjourned to 20 April. He recited in his order that during the latter session the parties had “announced before [him] on the record of the proceedings that they had arrived at an amicable settlement,” the terms of which “were made in [his] presence in accordance with Rule 1 [Clause 3], promulgated by the Florida Industrial Commission,” were made a part of the record, “and were dictated by the respective parties through their counsel into the record of the proceedings in [his] presence at the hearing * * *.”
At this hearing the claimant was pointedly asked by the deputy commissioner whether or not he understood that the arrangement was a final settlement and whether or not he understood that future medical care would be available. To both of these queries he replied in the affirmative.
Then the claimant changed his mind and changed lawyers whereupon successor-counsel undertook to have set aside the deputy’s order effectuating the stipulation. This motion to vacate was denied by the deputy, —we think quite properly.
The later counsel made an effort to show that his predecessor was unfamiliar with the provision of the statute, Sec. 440.20(10), F.S.A., that settlements in lump sums are not subject to modification under Sec. 440.-28, as indeed they are not in some circumstances. Westinghouse Electric Supply Co. v. Reagan, 159 So.2d, 222 (Fla.1963).
In the cited case the court distinguished between complete and partial settlements, observing that “if the settlement provides merely for lump sum payment of compensation [under Sec. 440.20(10)], it remains subject to subsequent modification under Sec. 440.28, supra. If the settlement disposes of both compensation and medical benefits, it constitutes a so-called ‘washout’ which by the terms of the statute is not subject to subsequent modification.”
The court also held that were it not for the stipulation in that case, which closely resembles the immediate one, the court would have been inclined to agree with the Commission that the lump sum settlement order would have been subject to modification under Sec. 440.28.
This latter statement is particularly significant in the instant case for it emphasizes the importance of the stipulation and counteracts the position that the claimant became a victim of his first lawyer’s unfamiliarity with the effect upon Sec. 440.28 of the provision in Sec. 440.20(10). Regardless of this situation, the colloquy we will quote demonstrates to this court that there was a waiver which complied with Clause 3 of Rule 1 of the Commission.
This position of present counsel was doubtless prompted by the testimony of the original attorney that he did not go into the subject of modification and that he was under the impression that even if a case was “washed out” by lump sum payment, it could be reopened. This was developed at the hearing 24 May 1966. But this position is neutralized by the answers of the claimant himself to questions on the subject by the deputy at the hearing the preceding month, 20 April 1966, as well as by the ruling in Westinghouse. The relevant part of the record follows:
“Q [By the Commissioner] You understand this is a final settlement now, final ?
A Yes.
Q You know that it is final?
A Yes.
Q You cannot come back before the Industrial Commission and get any further compensation money any *275 more. This is one amount. Do you understand that ?
A Yes, sir, but—
Q But medical treatment, you are permitted to go to the doctor. However, you can only see a doctor who is authorized by the insurance company. You cannot go to any doctor you want. If you want to get medical treatment, have your lawyer call Mr. Haddad and he will let you know what doctor to go to for treatment; and you will go to him and get whatever treatment you need. If you need medicine, the doctor will prescribe the medicine. You are entitled to get the medicine but not any compensation.
Do you understand that this is all the money that you can get from this case in the future as well as now?
Do you understand me ?
A I understand.
Q Since you understand this situation, do you feel it is to your best interest to go ahead and have this settlement now? You will realize close to $1,700 or about $1,600, $1,650, in one lump sum at this time.
Do you understand that?
A Yes.
Q But that is all you can ever get as far as compensation.
In light of that, the fact that you can get further medical treatment, do you feel it is to your best interest to go ahead and settle this case now in this manner?
A Yes. I understand sir.
Q I want to know your feelings, though.
A Yes, sir.
Q Do you feel it is to your best interest to go ahead with it?
A Yes. My interest, sir, is to keep the medical open.
Q That is happening.
A Yes, sir.
Q Do you want to go ahead with it, then, in that manner?
A Yes, sir.”
It is clear to us from the record we have quoted so copiously that there was a superabundance of competent, substantial, logical and reasonable testimony to support the order of the deputy commissioner denying the motion of the claimant to rescind the deputy’s order.
The Full Commission stepped outside its sphere in upsetting the deputy’s order so the order of the Full Commission is quashed.
THORNAL, C. J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.