215 So.2d 297 (1968)
John BRANTLEY, Petitioner,
v.
A D H BUILDING CONTRACTORS, INC., Florida Home Builders Self-Insurers Fund, Robert E. Coleman of Fla., Inc., and the Florida Industrial Commission, Respondents.
No. 37144.
Supreme Court of Florida.
October 9, 1968.
Rehearing Denied November 25, 1968.
Allen Clements and John V. Christie, Miami, for petitioner.
Lally, Miller & Hodges, Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
THORNAL, Justice.
By certiorari we have for review an order of the Florida Industrial Commission reversing an order of a deputy commissioner *298 who allowed a 20% penalty for failure to pay a "washout" settlement within 20 days after it became due.
We must decide whether approval of a "washout" settlement is an "award" within the contemplation of Fla. Stat. § 440.20(6) (1965), F.S.A.
On October 10, 1966, the deputy commissioner entered a compensation order approving a $10,000 lump sum stipulated settlement of all compensation and future medical payments. Under the order payment was to be made to a rehabilitation nurse who would open a joint savings account in the names of herself, the Claimant and his wife. Any withdrawal over $250 required the written approval of the deputy. On October 28, 1966, Mrs. Peo, the nurse, received a $10,000 check dated October 17, 1966, and drawn on an Orlando bank. The joint account was opened November 1, 1966, but there could be no withdrawals until the check cleared. On November 9, 1966, the check was returned because of insufficient funds. It was redeposited on November 14, 1966. It finally cleared on November 22, 1966.
The employee, Brantley, claimed the 20% penalty provided by Fla. Stat. 440.20(6) (1965), F.S.A. The deputy awarded a $2,000 penalty and a $500 attorney fee. The Full Commission reversed and dismissed the claim.
Fla. Stat. § 440.20(6) (1965), F.S.A., provides in part as follows:
"If any compensation, payable under the terms of an award, is not paid within twenty (20) days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty per cent (20%) thereof * * *."
The compensation order entered October 10, 1966, became effective on that date. For purposes of appeal under Fla. Stat. 440.25(4) (1959), F.S.A., such an order becomes final twenty days after the date copies are mailed to parties. However, the penalty period prescribed by § 440.20(6), supra, begins to run from the date that the compensation becomes due. Rutherford v. Seven-Up Bottling Co., 83 So.2d 269 (Fla. 1955). An obvious purpose of the penalty provision is to induce prompt payment of legitimate claims and to protect claimants against unnecessary and unjustifiable delays. Lockett v. Smith, 72 So.2d 817 (Fla. 1954). Consequently, in the instant case, § 440.20(6), supra, if applicable at all, would apply after October 30, 1966. The check to cover the lump sum payment did not finally clear until November 22, 1966.
The question which recurs is whether the compensation order pursuant to the stipulated settlement constituted an "award" under the quoted statute.
The instant proceeding was initiated by the filing of a claim on May 8, 1963. The employee was paid temporary total disability benefits from April 23, 1963, through March 13, 1965. Thereafter he was paid on the basis of 50% permanent disability. He then later filed a claim for permanent total disability benefits and a hearing was held by a deputy on June 29, 1966. The testimony offered at the hearing was also offered at the settlement proceeding. Finally, on October 7, 1966, the washout settlement was reached. Claimant's disability was thereby fixed at 65% permanent. The $10,000 lump sum was to cover the present value of all future disability benefits and medical expenses. The deputy approved the lump sum but added the provisions requiring the joint bank account and supervision of withdrawals by the Rehabilitation Nurse and the deputy.
A lump sum, washout settlement cannot be accomplished without the approval of a deputy commissioner, or judge of industrial claims as the official is now known. He must decide whether it is for the best interest of claimant. He must approve the amount and decide on the ultimate discharge of the liability of the employer. In arriving at his judgment the *299 deputy is directed to make such investigations as he considers necessary to determine whether such a final disposition will aid the rehabilitation of the injured worker and is clearly for his best interest. F.I.C. Rule No. 16(e). The responsibility of the deputy in connection with so-called washout settlements is not merely a perfunctory, mechanical act. It requires the exercise of quasi-judicial judgment. It is an essential concomitant of the compensation awarding process. Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960); Russell v. Bass, 107 So.2d 281 (1st Dist.Ct.App.Fla. 1958); Westinghouse Elec. Supply Co. v. Reagan, 159 So.2d 222 (Fla. 1964).
We have the view, therefore, that the compensation order in the instant case constituted an "award" in the sense that it was a judgment reached after deliberate consideration in a quasi-judicial proceeding. The policy of the law with regard to the importance of prompt payment is no different in this type of situation than it is in any other order to pay workmen's compensation benefits. Rutherford v. Seven-Up Bottling Co., supra. It could be even more important in many washout settlements which by the very nature of the proceeding indicate immediate need for substantial sums of money over and above the periodic monthly payments. We see no reason for disturbing the order of the deputy and we find the respondent Commission in error for doing so.
We must, however, agree with the contention of respondent, ADH Building Contractors, Inc., to the effect that the penalty could not be allowed on that portion of the award which covered past and future medical expenses. Reference to § 440.20(6), supra, will reveal that the penalty is based on "unpaid compensation".
"Compensation" is the money allowance payable to an employee. Fla. Stat. § 440.01(11) (1965), F.S.A. Provision for medical services and the amount of compensation for disability are treated by different sections of the Workmen's Compensation Act. Fla. Stat. §§ 440.13, 440.15 (1965), F.S.A. Furnishing medical and hospitalization services is a benefit provided by the cited section, but it is not compensation as contemplated by the Act. Royer v. United States Sugar Corp., 148 Fla. 537, 4 So.2d 692 (1941). The Florida Industrial Commission has, itself, squarely held that penalties under the statute are not assessable against the portion of an award covering allowances for medical expenses. Jessup v. Don's Gulf Service Station, FIC 1965, Dec.No. 201472, cert. denied, 180 So.2d 463 (Fla. 1965).
To the extent that the order under review reversed the deputy's order allowing a penalty based on medical bills, it is approved. Otherwise certiorari is granted and the order of the Full Commission is quashed and the matter is remanded with directions to return it to the deputy to eliminate the improper aspect of the penalty but in other respects to reinstate the deputy's award.
It is so ordered.
CALDWELL, C.J., and DREW, J., concur.
ERVIN, J., concurs specially with Opinion.
ROBERTS, J., concurs and agrees with ERVIN, J.
ADAMS, J. (Retired), dissents with Opinion.
THOMAS, J., dissents and agrees with ADAMS, J. (Retired).
ERVIN, Justice (concurring specially with opinion):
I agree with the foregoing opinion because the particular facts, viz., insufficiency of a deposit of funds in the bank to pay the settlement check within the time required *300 by law, present no basis in equity for excusing the statutory penalty allowable in this case. However, I consider there may be factual situations where equity would afford relief from assessment of the statutory penalty in whole or in part within the sound discretion of the Commission or the court.
ROBERTS, J., concurs.
ADAMS, Justice (dissenting):
It is the writer's view that the award should be upheld with the penalty in full.
This dissent is predicated upon a distinction in this case from that of Jessup v. Don's Gulf Service Station, FIC 1965, Dec. No. 201472, cert. denied 180 So.2d 463 (Fla. 1965). In the Jessup case there was a specific award of $3,870.00 to the claimant and a medical award of $1,116.50, whereas here we have one award to the claimant. It is true it was contemplated that a portion of this would be expended for future medical expenses. However, these awards are arrived at by mutual negotiations under the supervision of the deputy commissioner. Once it is finalized it becomes the award to the claimant and he may exercise in his own judgment as to what part he is going to utilize for medical expenses or otherwise.
Having accepted the washout settlement, he is precluded from making further claims and it amounts in essence to a final judgment rather than to continue the litigation for other benefits. In fact the treating physician can no longer look to the carrier for payment of his bills.
To send this back and have the deputy commissioner reopen the claim, take testimony and allocate what portion goes for medical expenses, would defeat the main purpose of allowing washout settlements. Hence I think the judgment of the deputy commissioner was correct.
THOMAS, J., concurs.