SHIVERS, Judge.
On February 14, 1981, claimant, an insulin dependent diabetic, suffered a compen-sable injury when he dropped a case of soda on his right foot and right knee. The claim was reported to the employer, and workers’ compensation benefits were started by the carrier. Although claimant received immediate medical attention, claimant’s health began to deteriorate rapidly due to complications stemming from claimant’s underlying diabetes. Claimant died on June 3, 1983. An endocrinologist who *1040 examined claimant determined that claimant’s death was accelerated by the effects of the diabetic condition on the industrial injury.
The employer/carrier (E/C) paid for all medical treatment, and upon claimant’s death, the E/C paid $1,000 in funeral expenses. Because claimant had no dependents, the E/C paid no additional death benefits under the statute. Under section 440.49(2)(d), Florida Statutes (1980), the E/C was reimbursed by the Special Disability Trust Fund (Fund) for 75% of the funeral expenses paid. However, the Fund refused to reimburse the E/C for temporary disability and medical benefits paid by the E/C to claimant before his death.
Pursuant to the Fund’s denial of the E/C’s request for reimbursement of temporary disability and medical benefits, the E/C filed an Application for Hearing on their claim for reimbursement against the Fund. The deputy commissioner (DC) heard the matter upon á stipulated record. In her order dated September 18, 1987, the DC found that the E/C was entitled to reimbursement from the Fund for 75% of the funeral expenses paid pursuant to section 440.49(2)(d), Florida Statutes (1980). The DC found that under section 440.-49(2)(e), Florida Statutes (1980), the Fund was not obligated to reimburse the E/C for temporary disability and medical benefits paid to claimant unless the E/C paid compensation for death. Finding that funeral expenses were not “compensation paid for ... death” under section 440.49(2)(e) and that payment of funeral expenses did not trigger the right to reimbursement of temporary disability and medical benefits under section 440.49(2)(e), the DC denied reimbursement of temporary disability and medical benefits.
Section 440.49(2)(e), Florida Statutes (1980) states that the E/C shall be reimbursed by the Fund for temporary disability and medical benefits if the E/C are “entitled to reimbursement from the Special Disability Trust Fund for compensation paid for permanent impairment, wage loss, permanent total disability, or death....” Permanent impairment, wage loss and permanent total disability benefits were never paid because claimant never reached MMI. Furthermore, the E/C was not required to pay permanent compensation benefits to claimant’s dependents because claimant had no dependents. The issue in this case is whether, by properly paying funeral expenses, the E/C have paid “compensation for death” under section 440.49(2)(e), thus entitling the E/C to reimbursement of temporary disability and medical benefits paid to claimant. The E/C argue that the payment of funeral expenses constitutes a payment of death benefits. However, we find that such an argument is overly broad.
Section 440.49(2)(d) states that if the E/C are statutorily required to pay funeral expenses and death benefits, the E/C “shall be reimbursed from the Special Disability Trust Fund ... for the last 75% of all compensation allowable and paid for such death and for 75% of the amount paid as funeral expenses.” In construing this statute, the Florida Supreme Court found that “the term ‘compensation for death’ describes ‘death benefits,’ excluding funeral expenses.” Special Disability Trust Fund v. Southland Corp., 322 So.2d 900, 907 (Fla.1975). The court stated that “[i]t seems reasonably clear from a reading of the statute that the Legislature did not intend to include funeral expenses in the general term ‘death benefits,’ or otherwise there would have been no point in the separation of the two items.” Id. The court noted that prior to 1974, this statute did not provide for reimbursement for funeral expenses. In fact, Southland specifically dealt with whether, prior to 1974, funeral expenses should be reimbursable. However, although the issue presented in Southland dealt with reimbursement, the court specifically stated that funeral expenses and death benefits were not the same. Although the Legislature amended section 440.49 after the Southland case, the distinction between death benefits and funeral expenses has continued.[1]
*1041 The E/C contend that section 440.-49(2)(b)3 supports their argument that payment of funeral expenses triggers the Fund’s obligation to pay temporary disability and medical benefits. That section defines “excess permanent compensation” as “that compensation for permanent impairment, wage-loss benefits, or permanent total disability or death benefits for which the employer or carrier is otherwise entitled to reimbursement from the Special Disability Trust Fund.” The E/C argue that since funeral expenses are reimbursable by the Fund, funeral expenses constitute “death benefits for which the employer or carrier is otherwise entitled to reimbursement from the Special Disability Trust Fund.” However, the E/C fail to consider that section 440.49(2)(d) distinguishes between funeral expenses and death benefits. Additionally, the Florida Supreme Court in Southland has held that the term “death benefits” excludes funeral expenses. Therefore, funeral expenses do not properly constitute “excess permanent compensation” because they are not “death benefits for which the employer or carrier is otherwise entitled to reimbursement.”
Accordingly, we find that the language and the holding in the case of Special Disability Trust Fund v. Southland Corp. require our affirmance of the DC’s determination that funeral expenses do not constitute “compensation paid for ... death” under section 440.49(2)(e) which would trigger the Fund’s reimbursement of temporary disability and medical benefits paid by the E/C.
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.

. Section 440.49(2)(a) was amended in 1979 to include language instructing the Division of Workers’ Compensation to interpret eligibility requirements to the Fund liberally. However, a *1041 liberal interpretation cannot be used to create a right to reimbursement that does not exist in the law.