535 So.2d 611 (1988)
Indrajit SMITH, Appellant/Cross-Appellee,
v.
GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS and National Union Fire Insurance Company of Pittsburgh, Appellees/Cross-Appellants.
No. 87-2093.
District Court of Appeal of Florida, First District.
December 7, 1988.
*612 L. Barry Keyfetz of Keyfetz, Poses & Halpern, P.A., Miami, for appellant/cross-appellee.
Henry T. Wihnyk of Conroy, Simberg & Lewis, P.A., Hollywood, for appellees/cross-appellants.
BOOTH, Judge.
This cause is before us on appeal from an order of the deputy commissioner granting interest and denying penalties on medical reimbursements. On January 24, 1986, a deputy commissioner issued an order which directed the carrier, among other things, to pay claimant's medical bills for care furnished. This court affirmed the order and issued a mandate on April 21, 1987, directing the carrier to comply with the order. On September 15, 1987, the carrier issued a check to the guardianship of the claimant as reimbursement for medical bills paid by claimant. At a subsequent hearing, claimant contended interest and penalties were owed for late payment of the medical bills pursuant to this court's mandate of April 21, 1987. The deputy held that the carrier should pay statutory interest at the rate of 12 percent on all medical bills accrued effective as of the date of the January 24, 1986 order and on bills accrued subsequently pursuant to the order until the date all bills were paid, and denied the claim for penalties on medical reimbursements.
We recognize that payments for medical services are not "compensation" and therefore are not subject to penalties for late payment under Sections 440.20(8) and (9). Brantley v. A.D.H. Building Contractors, Inc., 215 So.2d 297 (Fla. 1968); W. Jackson & Sons Construction Company v. Dudley, 374 So.2d 1074 (Fla. 4th DCA 1979). In Teitelbaum Construction, Inc. v. Morris, 489 So.2d 1241 (Fla. 1986), this court held the award of penalties on medical expenses was error "since penalties specifically have been held not to apply to late payment of sums which are not awarded directly to a claimant." Id. 489 So.2d 1242, citing Cox Oil & Sales, Inc. v. Boettcher, 410 So.2d 211 (Fla. 1st DCA 1982).
Under Teitelbaum, supra, it can be argued that reimbursement for medical payments is in the nature of compensation, in that it is paid to claimant. Obviously, the same public policy considerations for the imposition of penalties on the late payment of compensation should apply to late medical reimbursement. Chapter 440, however, makes no express provision for such penalties, and the rationale of Brantley, supra, is contrary to appellants' contention. First of all, we note that the penalty provision is part of Section 440.20, Florida Statutes, entitled "Payment of compensation," whereas the provision covering payment for medical services, and for reimbursement to claimant for payment of medical services, is Section 440.13, Florida Statutes. Chapter 440, as it existed at the time of the Brantley decision, was substantially similar in that regard, and in the Brantley case, the Florida Supreme Court held that the penalty provisions applicable to late payment of compensation did not apply to payments for medical services. Although Brantley could be distinguished *613 factually on the basis that it involved a direct payment for medical services rather than reimbursement, that distinction is not controlling under the rationale of the Brantley decision.
Accordingly, we affirm. However, we certify the following question to be a question of great public importance:
WHETHER REIMBURSEMENT OF MEDICAL EXPENSES MAY BE CLASSIFIED AS COMPENSATION PURSUANT TO SECTIONS 440.20(8) AND (9), FLORIDA STATUTES, FOR AWARD OF PENALTIES.
SHIVERS and THOMPSON, JJ., concur.