ERVIN, Judge.
Appellants, Whiskey Creek Country Club and Claims Center, the employer and its insurance carrier (E/C), appeal from a worker’s compensation order determining that the last illness and death of Dean Rizer, who was employed as a landscaper for the employer, were compensable and awarding benefits in connection therewith. We affirm in part and reverse in part.
As to the first two issues raised by appellants regarding the findings of causal relationships between the employee’s illness and subsequent death and the industrial accident, we affirm because there is competent, substantial evidence in the form of the testimony of Drs. Arpin and Sanders supporting those findings. See Swanigan v, Dobbs House, 442 So.2d 1026, 1027 (Fla. 1st DCA 1983) (we review only whether there is CSE in the record to support the order); Orlando Precast Prods. v. Ciofalo, 501 So.2d 1326, 1328 (Fla. 1st DCA 1986) (JCC, in determining credibility of witnesses and resolving conflicts in the evidence, may accept testimony of one physician over that of others).
We reverse, however, that portion of the order assessing penalties and interest on the funeral expenses that were awarded. Sections 440.20(7) and (9), Florida Statutes (1989), provide for the assessment of penalties and interest if any installment of “compensation” is not timely paid. Funeral expenses, like medical expenses, are not “compensation.”[1] See Special Disability Trust Fund v. Southland Corp., 322 So.2d 900 (Fla.1975); Brantley v. ADH Bldg. Contractors, Inc., 215 So.2d 297 (Fla.1968); Southland Corp. v. Special Disability Trust Fund, 526 So.2d 1039 (Fla. 1st DCA 1988); Smith v. General Conference of Seventh Day Adventists, 535 So.2d 611 (Fla. 1st DCA 1988); Cox Oil & Sales, Inc. v. Boettcher, 410 So.2d 211 (Fla. 1st DCA 1982); W. Jackson & Sons Constr. Co. v. Dudley, 374 So.2d 1074 (Fla. 4th DCA 1979). We therefore strike that portion of the order assessing penalties and interest for late payment of the funeral expenses because it is erroneous.
AFFIRMED in part and REVERSED in part.
WIGGINTON and KAHN, JJ., concur.

. "Compensation" is defined as "the money allowance payable to an employee or to his dependents as provided in this chapter.” § 440.-02(6), Fla.Stat. (1989).