393 So.2d 610 (1981)
PINELLAS COUNTY SCHOOL BOARD, Gallagher Bassett Insurance Service, Appellants,
v.
George L. FLY, Appellee.
No. SS-227.
District Court of Appeal of Florida, First District.
February 6, 1981.
Thomas D. Masterson, of Masterson, Rogers, Patterson, Masterson & Lowe, St. Petersburg, for appellants.
Charles W. Ehrlich, St. Petersburg, for appellee.
*611 SHIVERS, Judge.
Employer/carrier appeal a workers' compensation order awarding claimant payment of a $52 medical bill. We reverse.
Claimant sustained a compensable low-back injury on November 27, 1978. Later that day, he received medical treatment from Dr. Balduf, his chiropractor, with the knowledge of the employer. On November 28, 1978, according to claimant's testimony, the employer advised the claimant that they would not authorize treatment by Dr. Balduf. Instead, the claimant was referred to Dr. Segal, a family practitioner. Dr. Segal examined the claimant on November 28, 1978, and diagnosed claimant's injury as a low-back sprain. During his appointment with Dr. Segal, claimant told Dr. Segal that he was receiving chiropractic treatment from Dr. Balduf. Although Dr. Segal neither referred the claimant to Dr. Balduf nor prescribed chiropractic treatment, he did state that he had no objection to such treatment if the claimant thought one or two manipulations might help his recovery.
On November 29, 1978, the employer/carrier notified Dr. Balduf that he was authorized to render one further treatment to the claimant if necessary and related to the accident. Dr. Balduf was also informed that Dr. Segal was authorized to render further medical treatment if the claimant had continuing difficulty with his injury. On November 30, 1978, Dr. Balduf again treated the claimant and the medical bill for this visit was paid by the employer/carrier.
On December 5, 1978, the employer/carrier advised the claimant that Dr. Balduf was not authorized to provide further treatment and, should the claimant require additional treatment for his injury, he was to see Dr. Segal. However, claimant subsequently received treatment from Dr. Balduf on three separate occasions in December 1978, and on one occasion in January 1979.
On December 8, 1978, claimant's counsel requested continued authorization for treatment by Dr. Balduf. The employer/carrier denied authorization for treatment by Dr. Balduf, reaffirmed authorization for treatment by Dr. Segal, but noted that if the claimant was dissatisfied with Dr. Segal, alternative medical treatment was possible with one of three specifically listed orthopedic surgeons. The employer/carrier then refused to pay Dr. Balduf's medical bill for treatment provided after November 30, 1978.
Following a hearing on the issue of responsibility for payment of Dr. Balduf's medical bill, the deputy commissioner found that the medical treatment rendered by Dr. Balduf was reasonable and necessary and ordered the employer/carrier to pay the medical bill. The deputy commissioner further found that the claimant's attorney was entitled to a reasonable fee for obtaining the payment of Dr. Balduf's medical bill.
The deputy commissioner erred in finding that the employer/carrier was responsible for Dr. Balduf's medical bill and that the claimant was justified in continuing to receive treatment from Dr. Balduf. The employer/carrier notified both the claimant and Dr. Balduf that Dr. Balduf would not be authorized to treat the claimant after November 30, 1978. Instead, the employer/carrier authorized treatment by Dr. Segal and further offered alternative treatment from three orthopedic surgeons if the claimant was dissatisfied with Dr. Segal's treatment. An authorized treating physician may be deauthorized by the employer/carrier if alternative medical treatment is offered to the claimant. Carlton Arms of Winter Park v. Polston, IRC Order 2-3725 (1979). The award of treatment by an unauthorized physician is reversible error where the employer/carrier promptly notifies the physician that he is not authorized to treat the claimant and a finding that the unauthorized treatment was reasonable and necessary does not excuse the failure to secure authorization. Courtelis Company v. Calizaire, IRC Order 2-3659 (1979).
Since the deputy commissioner erred in awarding payment of Dr. Balduf's medical bill, the finding that claimant's attorney was entitled to a reasonable fee was also *612 error because no additional benefits were awarded to the claimant.
Accordingly, the order appealed is reversed and remanded with directions to enter an order consistent with this opinion.
ERVIN and SMITH, JJ., concur.