SHAW, Judge.
The employer/carrier appeals from an order of the deputy commissioner which found that the employer/carrier, though aware that the claimant was admitted to the hospital on an emergency basis, failed to provide needed medical treatment. The deputy ordered the employer/carrier to pay temporary total disability benefits for the period of hospitalization, interest, the bill of Dr. Hatt, and that portion of the hospital bill incurred before Dr. Miller was advised that the hospitalization was unauthorized.
The deputy’s finding that the claimant was hospitalized on an emergency basis is supported by competent substantial evidence. The point on appeal is accordingly AFFIRMED.
The claimant, on cross-appeal, challenges that portion of the order which denied payment of the hospital bill subsequent to the time Dr. Miller was put on notice that there was no authorization for the hospitalization. Claimant’s argument has merit. Liability for payment of the hospital bill resulted from the carrier’s failure to provide medical treatment after learning of the claimant’s need for such treatment. *915 The carrier cannot terminate its liability without making an offer for alternative medical treatment. The carrier’s action was tantamount to deauthorization of a treating physician. See Pinellas County School Board v. Fly, 393 So.2d 610 (Fla. 1st DCA 1981), wherein this Court held that an authorized treating physician may be deau-thorized by the employer/carrier if alternative medical treatment is offered. This principle is not limited to a treating physician; it is equally applicable to all medical service providers. The judge erred in concluding that the carrier’s liability for the claimant’s hospital bill terminated when Dr. Miller was put on notice that the hospital was unauthorized to treat the claimant.
As to the issue raised on cross-appeal, the order is REVERSED and REMANDED with directions that the deputy commissioner enter an order directing the employer/carrier to pay the hospital bill for the claimant’s full period of confinement.
MILLS and LARRY G. SMITH, JJ., concur.