PER CURIAM.
The employer/carrier appeals a workers’ compensation order awarding temporary total disability benefits, payment of certain outstanding medical bills, transportation and drug reimbursement costs. The employer/carrier first contends that the Deputy Commissioner erred in accepting claimant’s testimony that she sustained a compensable accident on December 4, 1979, while rejecting other large portions of her testimony as “inherently difficult to believe” because of “their lack of plausiblity” and because of claimant’s demeanor. However, the claimant’s testimony that a com-pensable accident occurred while she was cleaning a bathroom in the course of her employment as a maid at Ramada Inn was corroborated by that of other witnesses as well as by the history recorded by her physician shortly after the accident. Therefore, the Deputy’s finding on this issue was supported by competent substantial evidence and must be affirmed.
The Deputy Commissioner erred, however, in finding that unauthorized medical treatment rendered by Drs. Simon and Sherman, including expenses related to claimant’s January 18, 1980 abortion, was the responsibility of the employer/carrier. Immediately after claimant informed her employer that an accident occurred on December 11, 1979, she was provided with authorized medical care by Dr. Green, an orthopedic surgeon, who instructed her to return if she had further problems. Nevertheless, without following the procedures set forth in Section 440.13(2), Florida Statutes (1979), or seeking alternative treatment, claimant continued to receive duplicate unauthorized treatment by Dr. Simon, including treatment for nausea and vomiting which were unrelated to her industrial *1161 accident. The Deputy’s finding that such treatment was “reasonable and necessary” does not excuse the failure to obtain authorization. Palm Beach Newspapers, Inc. v. Roston, 404 So.2d 174 (Fla. 1st DCA 1981). The award of Dr. Sherman’s bills was also erroneous, as claimant was referred to Dr. Sherman by Dr. Simon, who was unauthorized, again without notifying the employer/carrier. Cf., McKinney v. McKinney Farms, 380 So.2d 469, 470 (Fla. 1st DCA 1980). Therefore, we reverse the award of payment of Dr. Simon’s and of Dr. Sherman’s outstanding medical bills, as well as transportation costs, incurred while the employer/carrier was providing authorized care by Dr. Green.[1]
We note that the employer/carrier specifically controverted the payment of medical bills. Whether the medical bills were to be paid or not was a stated issue[2] before and was determined by the deputy. Indeed, claimant does not contend that the issue is not properly before us on appeal.
Since we do not interpret Paragraph 11 of the Deputy Commissioner’s order reserving “jurisdiction ... to consider payment of wage loss benefits” as finding that claimant is entitled to such benefits, we find it unnecessary to rule on this question at this time.
REVERSED and REMANDED for proceedings in accordance with this opinion.
ERVIN, J., concurs in part and dissents in part with written opinion.
BOOTH and THOMPSON, JJ., concur.

. Dr. Green was deauthorized by the employer/carrier by letter on April 14, 1980, subsequent to claimant’s treatment by Drs. Simon and Sherman.

. R. 15.