WENTWORTH, Judge.
The claimant in this workers’ compensation case appeals that portion of the deputy commissioner’s order denying her motion for continuing medical care by her previously authorized physician. We reverse.
Claimant was injured in a compensable accident on April 15, 1981. Shortly after the accident, the self-insured employer authorized treatment by Dr. McCarthy, an orthopedic surgeon, who continued to conservatively treat claimant for approximately a year and a half. Sometime during the holidays of late 1982, claimant needed a refill of one of her medical prescriptions and called Dr. McCarthy’s office to request that it be phoned in to the drugstore. Since Dr. McCarthy was on vacation at the time, his partner, Dr. Boyce, phoned the prescription in instead. Employer refused to pay the bill for the medication, apparently because it was not prescribed by Dr. McCarthy, the authorized physician. Claimant’s attorney wrote a letter to the employer’s attorney requesting payment of the prescription and authorization of Dr. Boyce. Subsequent events indicated that the latter request, i.e., authorization of Dr. *958 Boyce, was solely due to an unfortunate choice of words by claimant’s attorney who intended only to request authorization for treatment while Dr. McCarthy was away. In response to the request, the employer’s attorney responded by letter informing claimant’s attorney that Dr. Boyce was authorized and Dr. McCarthy was deauthor-ized. A copy of this letter was also sent to Dr. McCarthy, who therefore refused to see claimant when she appeared for her scheduled appointment on February 23, 1983. Claimant then attempted to make an appointment with Dr. Boyce, but he refused to see her because he considered her to be Dr. McCarthy’s patient.
Claimant’s attorney was apparently out of town on February 23, 1983, and unaware that Dr. McCarthy had been deauthorized, but somehow claimant’s predicament was brought to the employer’s attention because its lawyer wrote the following to claimant’s attorney:
Dear Alex: Subsequent to your February 3, ’83 request for authorization and treatment by Dr. Boyce, my clients agree to change the physicians. Now I'm informed that Mrs. Joslin really doesn’t want to be treated by Dr. Boyce and that she is satisfied with Dr. McCarthy.
In all fairness to their physicians and their clients, I would appreciate it if you would have a conference with Mrs. Joslin to resolve this matter.
This letter apparently crossed in the mail with one from claimant’s attorney which he had written when he discovered upon his return to work, that Dr. McCarthy had been deauthorized:
Dear Keith: Have just returned from vacation. Have your letter of February 15, ’83, in which you indicated that Dr. McCarthy is no longer authorized to treat Mrs. Joslin and that Dr. Boyce is now the authorized treating physician. I think you have everything a bit confused, and it is for that reason I’m writing this letter.
Your clients have indicated to Mrs. Joslin that they would not pay for the medication prescribed by Dr. Boyce since he was not an authorized treating physician. I advised you on February 3, '83, that Dr. Boyce was on call for Dr. McCarthy while Dr. McCarthy was out of town. And that was the reason that Dr. Boyce had treated her and prescribed medication. Mrs. Joslin was very happy with Dr. Boyce, and she’s been happy, as she has been with Dr. McCarthy. Your letter of February 15, '83, makes it sound as though she was not happy with Dr. McCarthy and only wanted Dr. Boyce to treat her. This is certainly not the case, and we would once again request that your client pay for the medication prescribed by Dr. Boyce and continue to authorize Dr. McCarthy.[1]
The record shows that the next event in claimant’s quest for medical attention was the filing of a “Motion for Continuing Medical Care by Dr. McCarthy or Change of Physician to Dr. McCarthy” on May 2, 1983. A hearing was held on June 21, 1983, and in an order of June 30, 1983, the deputy commissioner denied claimant’s motion. However, in the body of the order, the deputy found as follows:
... at the hearing before the undersigned, the claimant stated that Dr. Boyce would not see her. The employer/self-insured then did agree to provide another doctor for the claimant. Therefore, it would be appropriate for the employer/self-insured and claimant to mutually agree upon another treating physician. If the parties cannot agree, then the employer/self-insured shall provide the names of three doctors from which the claimant shall choose one.
As evidenced by the extent to which the parties have pursued this controversy, the above quoted suggestion went unheeded. Instead, the parties present arguments pertaining to such legal principles as the em *959 ployer’s right to “first choice” in selection of the treating physician and the employer’s rights and/or duties when a claimant expresses dissatisfaction with the authorized doctor. See e.g. Pinellas County School Board v. Fly, 393 So.2d 610 (Fla. 1st DCA 1981); Greynolds Park Manor Nursing Center v. Efford, IRC Order 2-3348 (1978).
Although the legal questions raised are intriguing, we have determined that this is not the appropriate case for their resolution. We are convinced that too much judicial labor has already been exerted to cure what we perceive as either a communication failure between the parties’ attorneys or a stubborn refusal on their part to cooperate. In any event, it is clear that no real alternative treatment had been offered to claimant at the time of the hearing in this case. For that reason, without regard to sufficiency of proof otherwise supporting claimant’s motion for care by the originally authorized doctor, the deputy’s duty was to grant the motion. We therefore reverse the order denying same and remand for further proceedings consistent with this opinion.
MILLS, J., and McCORD, Jr. (Ret.), Associate Judge, concur.

. Claimant testified that she had never been treated by Dr. Boyce, that her sole contact with him had been his act of calling in a prescription for her. Thus, it appears that claimant’s attorney was at least as confused as the employer’s.