449 So.2d 934 (1984)
GUST K. NEWBERG CONSTRUCTION CO. AND COMMERCIAN UNION INSURANCE CO., Appellants,
v.
Neil WARREN, Appellee.
No. AU-118.
District Court of Appeal of Florida, First District.
May 2, 1984.
Ronnie Klein Witlin, of Witlin & Witlin, Miami, for appellants.
Gene Flinn, Miami, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order awarding temporary total disability, wage loss, and medical benefits. We affirm, finding no merit in a challenge of the factual predicate for the determination of good faith work search, or in the argument that the deputy could not award payment for chiropractic services found to have been necessary after carrier's notice of deauthorization of the treating chiropractor and alternative offer limited to orthopedic physicians, during the four month period of temporary total disability after claimant fell from a 15 foot scaffold onto a concrete floor.
The order finds in pertinent part:
I find that the employer/carrier is responsible for the outstanding balance of the bill for Dr. Barry Burak's services, in accordance with the fee schedule. These services were initially authorized by the employer/carrier but subsequently specifically de-authorized by them apparently without offer of alternative chiropractic treatment. The claimant sought the services of Dr. Burak apparently on an emergency basis initially (on a Sunday following an attempt to return to work), at which time he testified he was experiencing pain and "couldn't move." I find that the treatment furnished by Dr. Burak subsequent to October 8, 1981 (the date his services were no longer authorized) was reasonable and necessary and required by claimant's compensable injury. I further find that Dr. Burak did submit reports and bills to the carrier... .
The issue here with respect to the medical award[1] turns on the sufficiency of alternative *935 care offered to claimant when the carrier served notice of deauthorization of claimant's treating physician, Dr. Burak, who had been authorized "for emergency treatment." The circumstances reflected by the record show that the carrier was adequately apprised of claimant's continuing request or need for chiropractic care, and, even if we should indulge such speculation, we find no indication that claimant would have rejected such care by anyone other than Dr. Burak.[2] On the basic issue of whether the orthopedic physicians offered by carrier can be functionally differentiated from chiropractic service, this court has clearly recognized that distinction. Sears, Roebuck and Co. v. Viera, 440 So.2d 49 (Fla. 1st DCA 1983). The deputy was accordingly required in this case to resolve, and on the evidence before him did properly resolve, the factual question of whether chiropractic care was necessary at the time in question so as to permit award of the cost of such service obtained by claimant after the attempt at deauthorization.
Affirmed.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] 440.13 Medical services and supplies; penalty for violations; limitations. 

(1) As used in this section, the term:
.....
(b) "Health care provider" means a physician or any recognized practitioner, ...
.....
(f) "Physician" means a physician licensed under chapter 458, an osteopath licensed under chapter 459, a chiropractor licensed under chapter 460, a podiatrist licensed under chapter 461, an optometrist licensed under chapter 463, or a dentist licensed under chapter 466.
.....
(2)(a) ... the employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require, ... . Any list of health care providers developed by a carrier ... from which health care providers are selected to provide remedial treatment, care, and attendance shall include representation of each type of health care provider ... and shall not discriminate against any of the types of health care providers as a class.
(b) If the employer fails to provide such treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a deputy commissioner. The employee shall not be entitled to recovery any amount personally expended for such treatment or service unless he has requested the employer to furnish the same and the employer has failed, refused, or neglected to do so or unless the nature of the injury required such treatment, nursing, and services and the employer or the superintendent or foreman thereof, having knowledge of such injury, has neglected to provide the same... .
Amendments effected in 1983 appear to be for clarification and not substantive departure from former requirements.
[2] We construe the opinion in Pinellas County School Board v. Fly, 393 So.2d 610 (Fla. 1st DCA 1981), to preclude an award for unauthorized care in that case because the provision for alternative care (by family practitioner and orthopedic physicians) was adequate where no issue was made as to lack of authorized chiropractic care and claimant's request instead was for further care by a specific named practitioner ("his chiropractor").