WIGGINTON, Judge.
The claimant appeals from that part of the deputy commissioner’s order denying her claim for reimbursement of past medical bills. We affirm.
Claimant sustained an industrial injury to her neck and back on March 23, 1984. The employer/self-insured (employer) accepted her injury as compensable, and voluntarily paid for all medical treatment provided by two authorized orthopedic surgeons. However, without authorization and without the employer’s knowledge, claimant sought treatment from Dr. Stans-bury, a chiropractor.
The first indication the employer had of claimant’s having. received treatment by Dr. Stansbury was when she filed a claim several weeks later on April 19, seeking reimbursement for and authorization of chiropractic care by Dr. Stansbury, costs, penalties, interest, and attorney’s fees. The employer’s claims adjuster responded to the claim by letter dated May 10, 1984, in which was offered authorized medical treatment by any one of three orthopedic physicians or one chiropractor, Dr. Pavlik. Claimant’s attorney responded by inquiring of the reason for the employer’s refusal to authorize Dr. Stansbury, and requesting a list of three or four chiropractors.
At a subsequent hearing held on the April claim, claimant argued that section 440.13(2)(a), Florida Statutes (1983), requires the employer to offer not one, but a choice of at least three or four chiropractic physicians, and its failure to do so amounted to discrimination against chiropractors as a class.[1] The employer maintained that the statute requires only that each class of health care providers be represented and that its offer of treatment by one chiropractor satisfied that requirement. The employer also contended that Dr. Stans-bury’s medical reports had not been timely filed.
The deputy commissioner agreed with the employer’s position and found that section 440.13(2)(a) “only requires that one representative of each class be included on any list of pertinent health care providers” and that the employer’s list had satisfied that requirement. The deputy also found that because claimant had “sought unauthorized treatment on her own rather than choose a physician” offered by the employer, she was solely responsible for the medical bills incurred by the treatment. In light of that finding and conclusion, the deputy reserved judgment on the issue of whether Dr. Stansbury had timely filed his medical reports. Finally, the deputy approved the parties’ agreement that the employer would authorize future treatment by Dr. Stansbury for a period of sixty days.
On appeal, claimant reasserts her position taken below, arguing that section 440.-13 mandates there be no discrimination against any of the various types of health care providers, and that should the statute be susceptible to more than one interpretation, the interpretation most favoring the injured employee should be adopted.
Section 440.13(2)(a) directs the employer to furnish to the employee necessary medical treatment and provides:
Any list of health care providers developed by a carrier ... from which health care providers are selected to provide *639 remedial treatment, care, and attendance shall include representation of each type of health care provider defined in s. 440.13(3)(d)l.d., Florida Statutes, 1981, and shall not discriminate against any of the types of health care providers as a class.
(Emphasis added). The statute is clear on its face; no quantitative standard is set forth against which an employer’s list of physicians must be measured. Instead, it provides only that no list may exclude, or “discriminate” against, a particular health care provider. Claimant’s argument has no foundation in the statute. The employer’s list of physicians offered to claimant complied with the statutory mandate.[2]
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.

. Section 440.13 was substantially amended in 1983. See s. 1, ch. 83-45; s. 1, 83-303; s. 4, ch. 83-305, Laws of Florida (1983).

. Although we can understand claimant’s desire to choose her treating physician, we have recognized that a claimant is not necessarily entitled to the physician of his or her choice. The employer’s responsibility is only to provide necessary medical treatment. Section 440.13(2)(a). Where that is furnished, as in this case, the claimant has no right, in a non-emergency situation, to seek unauthorized medical care without approval by the deputy prior to treatment. Fuchs Baking Company v. Estate of Szlosek, 466 So.2d 415 (Fla. 1st DCA 1985). on the other hand, a claimant is entitled to seek unauthorized treatment and later have the reasonableness and necessity of that action determined by the deputy, where authorization has been requested and refused without alternative care offered by the employer. Id. In the instant case, once the employer was placed on notice of claimant’s request for authorization of a different health care provider, it properly provided her with a non-discriminatory list of alternative physicians. Consequently, before continuing with the unauthorized treatment by Dr. Stans-bury, it was claimant’s duty "to seek a decision through the deputy or risk paying the bill.” Wackenhut Corporation v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985).