SMITH, Judge.
The employer and carrier (E/C) appeal an order of the deputy commissioner (deputy) granting the claim of appellee, Dr. Joel M. Grossman, a treating chiropractor who had previously been deauthorized by the deputy, for payment of chiropractic services rendered to claimant, Living Field Marshall. The E/C contend that payment of Dr. Grossman’s medical bills was not required, absent a request for reauthorization by the claimant or the existence of a medical emergency. The E/C also contend that the deputy's award of attorney’s fees *978 and costs on behalf of Dr. Grossman was erroneous. We agree, and reverse.
Claimant Marshall, who is not a party to this action, suffered a compensable accident in 1975. He was subsequently found to be totally and permanently disabled in an order of Deputy Commissioner Wieland dated January 28,1977. In the same order, Deputy Commissioner Wieland required the E/C, among other things, to pay all necessary medical expenses for claimant’s treatment by Dr. Grossman. The E/C made all payments required under this order until February 1981, when the E/C filed a petition for modification pursuant to Section 440.13(2)(a), Florida Statutes (1981), alleging that claimant’s physical condition was such that he no longer required chiropractic treatment. After a hearing on the E/C’s petition the deputy, by order dated November 12, 1982, found that chiropractic treatment was no longer medically necessary, and deauthorized Dr. Grossman as the claimant’s treating physician. At the same time, the deputy ordered the E/C to provide alternative treatment for claimant’s permanent back impairment in the form of conservative remedial care from an orthopedic surgeon.
Subsequently, the E/C’s attorney notified Dr. Grossman by letter dated November 29, 1982, that the carrier, Fireman’s Fund Insurance Company, would no longer honor bills received from Dr. Grossman for services rendered on behalf of claimant, unless the bills were for services provided prior to the effective date of the deputy’s order. However, although admitting receipt of both the aforementioned letter, as well as a copy of the deputy’s November 12, 1982 order, Dr. Grossman telephoned the carrier on December 21, 1982, and inquired as to whether the E/C would pay for services rendered for the claimant subsequent to November 12,1982. The carrier responded through a claims adjustor, Marilyn Bearss, “only if the order [of November 12, 1982] was reversed on appeal.” Despite this negative response from the carrier, Dr. Grossman continued to provide chiropractic treatment for claimant. Statements totaling $1,408.00 were submitted by Dr. Grossman to the E/C between November 12, 1982, and February 13, 1984, which were refused.
Upon the E/C’s refusal to pay these bills, Dr. Grossman filed a claim seeking payment. The E/C contended below, and here, that Chapter 440 does not grant medical care providers an independent statutory cause of action for recovery of unpaid medical bills. In addition, the E/C asserted that under the deputy’s order of November 12, 1982, Dr. Grossman was no longer authorized to provide chiropractic treatment for claimant; hence, the E/C contended, it could not be liable for the medical care provided by Dr. Grossman, absent a change in the order. After a hearing, held August 1, 1984, the deputy entered the order appealed from, in which he accepted Dr. Grossman’s testimony that the chiropractic treatment rendered on behalf of claimant was “reasonable and necessary,” and further found that the E/C either knew or should have known that the claimant needed continued chiropractic treatment, but failed to authorize any additional treatment subsequent to November 12, 1982. This finding was evidently based on the testimony of a senior claims representative pf the carrier, Linda Collie, who testified that neither claimant nor his attorney were informed of the names of three orthopedic physicians authorized by the E/C in response to the deputy’s November 12, 1982 order. The record below does not indicate that either claimant or his attorney ever requested the E/C to reauthorize continued chiropractic treatment by Dr. Grossman. Nor did the claimant petition the deputy to modify the November 12, 1982 order to allow reauthorization of Dr. Grossman. Nevertheless, the deputy granted Dr. Grossman’s request for payment of the disputed medical bills, and also granted Dr. Grossman’s requests for attorney’s fees and costs filed pursuant to Section 440.32 and 440.34, Florida Statutes (1981). We find that these orders were erroneously entered.
Although we agree with the deputy that Dr. Grossman had standing in his indi *979 vidual capacity to bring this action for recovery of his medical bills[1], we find the E/C’s alternative defense concerning Dr. Grossman’s deputy-ordered deauthorized status at the time the bills were incurred to be persuasive.
It is important, at the outset, to focus on the procedural posture of this case on the date Dr. Grossman initially contacted the carrier, December 21, 1982. Prior to that date, the claimant and the E/C had been engaged in a dispute over the continued necessity for chiropractic treatment of claimant’s compensable lower back injury. Pursuant to the statutory method for resolving such disputes, the E/C had petitioned the deputy to disallow such treatment and to deauthorize Dr. Grossman {See, Section 440.13, Florida Statutes (1981)), and after an adversary hearing on the issue, the deputy granted the E/C’s petition, effective November 12, 1982. In such circumstances, the burden of seeking a change in the status quo was shifted to the claimant, requiring him to show good cause why chiropractic care and the services of Dr. Grossman should have been reauthorized. Cal Kovens Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA, 1985), citing, Robinson v. Howard Hall Company, 219 So.2d 688 (Fla.1969). As stated in Cal Kovens, "... the [party] seeking to change the status quo ... should obtain an order from the deputy commissioner or incur the risk of a ruling against good cause for the change under Section 440.13,” Id. at 253. Also of significance here is the usual rule that a claimant has no right, absent a medical emergency, to seek unauthorized medical care without prior approval by the deputy commissioner. Fuchs Baking Company v. Estate of Szolsek, 466 So.2d 415 (Fla. 1st DCA 1985); Wackenhut Corp. v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985) (when the parties cannot agree on a treating physician in a non-emergency situation, it is the burden of claimant to seek a decision through the deputy or risk paying the bill).
Here, the claimant made no request for a change in his then-authorized course of treatment (conservative orthopedic care), either with the E/C or with the deputy, nor did claimant attempt to avail himself of this authorized care by requesting the name or names of physicians who could provide it. While Dr. Grossman argues that his “request” for reauthorization on December 21, 1982 was sufficient to constitute a “request” for alternative medical care pursuant to Section 440.13(2)(b), Florida Statutes (1981), as we interpret the statute only the injured employee (or his legal representative) may make a request legally sufficient to trigger an E/C’s statutory obligation.[2] Moreover, the deputy’s reliance on the deposition testimony of Linda Collie that the E/C authorized no treatment of any kind after November 12, 1982, is misplaced, since Ms. Collie’s testimony was that claimant’s case file indicated that no chiropractic treatment had been authorized by the E/C. Although the record does not establish that the E/C specifically furnished claimant or his attorney (who was not the same attorney representing claimant on appeal) with a listing of the names of authorized orthopedic surgeons, the November 12, 1982 order placed both claimant and his attorney on notice that such care would be provided claimant on request.[3]
*980 Since claimant was not entitled to receive the treatment rendered by Dr. Grossman, Dr. Grossman himself would not be entitled to receive payment of his medical bills by the E/C. This case is unlike the eases cited by appellee and relied upon by the deputy. See, Gust K. Newburg Construction Company v. Warren, 449 So.2d 934 (Fla. 1st DCA 1984), and Universal Corp. v. Lawson, 447 So.2d 293 (Fla. 1st DCA 1984). Neither case involved an order by a deputy commissioner specifically ruling out the need for a certain kind of medical care. Neither Dr. Grossman nor the claimant made any effort to seek reauthorization of Dr. Grossman by the deputy; instead, they simply ignored the November 12, 1982 deauthorization order, and renewed their physician-patient relationship one month after a determination by the deputy that such a relationship no longer was medically necessary. The deputy’s belated finding that Dr. Grossman’s unauthorized treatment was “necessary and reasonable” is insufficient to excuse claimant’s failure to submit the matter again to the deputy and to show good cause for a reversal of the month-old ruling. Ramada Inn v. Gates, 418 So.2d 1160 (Fla. 1st DCA 1982).
We also hold that Dr. Gross-man is not entitled to an award of attorney’s fees or costs, either below or on appeal to this court. Since the award of attorney’s fees by statute is in derogation of the common law, such statutes must be strictly construed. Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501, 505 (Fla.1982). Here, a plain reading of the statute upon which Dr. Grossman relies, Sections 440.34(3), (5), Florida Statutes (1981), reveals that attorney’s fees may be awarded only to a “claimant, injured worker,” or “injured employee.” Dr. Grossman makes no claim to fall within any of these terms.[4] Even assuming, ar-guendo, that Dr. Grossman may bring himself within Section 440.34, the fact that we find the deputy’s award of Dr. Grossman’s medical bills in error would preclude recovery of any attorney's fees. United Telephone Company of Florida v. Wooten, 468 So.2d 1056, 1058 (Fla. 1st DCA 1985). Likewise, in light of our disposition of this case, the deputy erred in assessing costs against the E/C. See, Section 440.32, Florida Statutes (1981).
REVERSED.
SHIVERS and BARFIELD, JJ., concur.

. See, Section 440.10(1), Florida Statutes (1981), which provides in pertinent part:
(1) Every employer coming within the provisions of this chapter ... shall be liable for, and shall secure, the payment of his employees, or any physician, surgeon, or pharmacist providing services under the provisions of Section 440.13.... (emphasis supplied)

. In so holding, we do not imply that a request for alternative medical care for a claimant made by a physician cannot constitute notice to the E/C of the need for such care, pursuant to Section 440.13(2)(b), (3). Notice, however, is not the issue here.

.See, Section 440.13(2)(a), Florida Statutes (1981):
Subject to the limitations specified in Section 440.19(2)(b), the employer shall furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon or other recognized practitioner, nurse, or hospital and for such period as the nature of the *980 injury or the process of recovery may require, including medicines, crutches, artificial members, and other apparatus. If the employer fails to provide the same after request by the injured employee, such injured employee may do so at the expense of the employer, the reasonableness and the necessity to be proved by a deputy commissioner.... (emphasis supplied)

. Dr. Grossman contends that since claimant was injured in 1975, he is entitled to the award of attorney’s fees as an "injured person" under Section 440.34, Florida Statutes (1975). However, the statute in question was amended prior to 1981, employing the present language noted above. Since Dr. Grossman seeks an award on his own behalf, he must be governed by the law in effect at the time his claim arose. Whether a health care provider may be considered an “injured person” for the purpose of awarding attorney’s fees under Section 440.34, Florida Statutes (1975), is therefore immaterial.