512 So.2d 256 (1987)
OCEAN MANOR RESORT HOTEL and Cna Insurance Company, Appellants,
v.
Julio V. GARBALOSA, Appellee.
No. BP-86.
District Court of Appeal of Florida, First District.
August 24, 1987.
*257 James S. Kelley of Adams, Kelley & Kronenberg, Miami, for appellants.
Renee R. Pelzman of Levine, Busch, Schnepper & Stein, Miami, for appellee.
ERVIN, Judge.
Appellant/employer-carrier (e/c) raises six issues in this workers' compensation appeal. We find that four of the issues are without merit and affirm without discussion. We reverse the remaining two issues.
First, we reverse the characterization by the deputy commissioner (dc) of medical treatment by a chiropractor, Dr. Schmer, as an "emergency" and as such is reimbursable without prior authorization or notice to the e/c. We find no competent, substantial evidence supporting a finding that claimant began treatment with Dr. Schmer due to a medical emergency. The record instead reflects that claimant went to Dr. Schmer at the recommendation of friends. An e/c is not responsible for unauthorized treatment of a workers' compensation claimant, absent a medical emergency, where a claimant arbitrarily changes doctors while the e/c is providing medical treatment, and the claimant fails to seek prior approval of the dc. Delta Airlines v. Underwood, 406 So.2d 1188 (Fla. 1st DCA 1981). We reverse, therefore, the order as it directs payment of Dr. Schmer's medical treatment, provided to claimant before the date the e/c received notice of such treatment.
Once, however, the e/c was placed on notice by letter dated July 17, 1985, that the claimant was seeking the chiropractic care of Dr. Schmer, the e/c had a duty to authorize treatment by Dr. Schmer or offer alternative chiropractic treatment. Gust K. Newberg Construction Co. v. Warren, 449 So.2d 934 (Fla. 1st DCA 1984). Cf. Smith v. Walt Disney World, 471 So.2d 637, 639, n. 2 (Fla. 1st DCA 1985) (a claimant is entitled to seek unauthorized medical treatment and later have the reasonableness and necessity of that treatment determined by a dc where authorization has been requested and refused, without alternative care offered by the e/c); Fuchs Baking Co. v. Estate of Szlosek, 466 So.2d 415 (Fla 1st DCA 1985) (claimant may seek unauthorized medical treatment where authorization has been requested and refused by the e/c). Therefore we direct the dc to award reimbursement for the care furnished to claimant by Dr. Schmer subsequent to the date the e/c received notice that claimant was seeking such treatment, and failed either to authorize Dr. Schmer or to authorize alternative treatment.
Second, we reverse the failure of the dc to order an offset of unemployment compensation benefits received by the claimant against temporary partial disability benefits ordered payable by the e/c from December 1984 through June 1985. Section 440.15(10)(b) states that "unemployment compensation benefits shall be primary and wage-loss benefits or temporary partial benefits shall be supplemental only, the sum of the two benefits not to exceed the amount of wage-loss benefits which would otherwise be payable." Appellee testified he was paid $150 a week in unemployment compensation from December 1984 until May of 1985. Claimant is only entitled to those temporary benefits which exceed the amount of unemployment compensation benefits received during the applicable period. On remand, the dc is directed to determine the actual amount of unemployment compensation received by claimant and the amount of the credit to which the e/c is entitled.
AFFIRMED in part and REVERSED in part and REMANDED for further consistent proceedings.
SMITH, C.J., and MILLS, J., concur.