WIGGINTON, Judge.
Appellants, employer/carrier, appeal the judge of compensation claims’ order awarding appellee workers’ compensation benefits for an industrial accident that occurred on January 19, 1988. We affirm in part and reverse in part.
Appellants have raised seven points on appeal. As to Point I, in which they assert that the JCC overlooked the opinion of Dr. Forman, a psychiatrist whose opinion conflicted with that of the psychiatrist upon which the JCC relied, we affirm. The order indicates that the JCC did not overlook Dr. Forman’s testimony and, although she did not specify why she rejected his opinion, adequate reasons for that rejection are clear from the record.
The remaining points raised by appellants do have merit and, as to each of them, we find error. The JCC did not rationally explain her substantial deviation from the provisions of section 440.15, Florida Statutes, in her calculation of average weekly wage based upon appellee’s 1986 calendar year earnings. Further, the record contains no competent substantial evidence to support the JCC’s finding that appellee sustained an injury to the temporomandibular joint as a result of her industrial accident. Therefore, although the record might support an award of a medical evaluation of the temporomandibu-lar joint, the finding that appellee has sustained such an injury as a result of the accident and an award of medical treatment for that injury is not sustainable on the instant record.
The JCC also erred in awarding benefits based upon the opinions of Dr. Deehl, whose testimony and bills are not in the record. Upon reversal and remand, the JCC may receive additional evidence on this point. Metropolitan Dade County v. Moss, 568 So.2d 492 (Fla. 1st DCA 1990).
Further, as appellee concedes, the JCC erred in the method by which she calculated the offset for unemployment compensation benefits which, pursuant to section 440.15(10)(b), Florida Statutes, are primary so that the sum of wage loss, temporary partial wage loss and unemployment benefits shall not exceed the amount of wage loss or temporary partial wage loss benefits. See Ocean Manor Resort Hotel v. Garbalosa, 512 So.2d 256 (Fla. 1st DCA 1987).
As appellee further concedes, the JCC also erred in determining the temporary partial wage loss and wage loss benefit amounts based on average weekly wage; subsections 440.15(3)(b) and (4)(a), Florida Statutes (1989) require the calculation of temporary partial wage loss and wage loss benefits using the actual weekly wages of the claimant. Finally, as appellee concedes, the JCC erred in not making a specific finding as to appellee’s date of maximum medical improvement.
Therefore, the order on appeal is AFFIRMED as to Point I, but otherwise is REVERSED and REMANDED for further proceedings, if necessary, and for entry of a new order in light of the errors recognized herein.
ERVIN and WOLF, JJ., concur.