ALLEN, Judge.
In this workers’ compensation appeal, the claimant, Ileen Sieracki, appeals an order of the judge of compensation claims denying her claim for payment of medical bills related to her September 24,1990 evaluation, subsequent surgery and hospital stay. We reverse because the judge neglected to rule upon the claimant’s pending request for authorization for future treatment and because certain language in the order suggests that the judge may have applied the wrong legal standard in evaluating the claimant’s request for payment of her medical bills.
On May 20, 1991, the claimant submitted a claim requesting authorization for continued care from neurologist, Hooshang Hooshmand, and postsurgical care from orthopedic surgeon, Christo Koulisis. The parties referenced the claimant’s request in their pretrial stipulation and the judge noted in her order that the matter was one of the issues to be determined at the hearing. She even specifically noted the employer/carrier’s defense to the claim. Although the record reveals that evidence was admitted at the hearing bearing on this claim, the judge did not expressly rule on the claim in her order and we are unable to discern any implicit ruling therefrom. We therefore remand for a ruling on this admittedly pending matter.
The judge did, however, expressly deny the claimant’s request for payment of medical bills related to her September 1990 evaluation, surgery and hospital stay. The judge noted that Hooshmand, who performed the evaluation, had never been authorized by the employer/carrier to evaluate or treat the claimant yet he referred her to surgeon Koulisis, another unauthorized physician. At the hearing below, the claimant contended that the medical bills of Hooshmand, Koulisis and others should be paid because though they were unauthorized providers, their treatment was rendered in a medical emergency. We read *679 the judge’s order denying the claim to include an implicit finding that no such emergency existed. Although our review of the record reveals evidentiary support for that finding, we remand for reconsideration in light of certain troubling language in the order.
In the course of explaining her decision, the judge said:
The fact that a staff member from Dr. Hooshmand’s office called the carrier for authorization does not afford the claimant the argument that the employer/carrier has wrongfully refused a request for [an] alternative treating physician. In so finding, I also note that despite Dr. Hooshmand’s deposition testimony in regard to the emergency nature of his treatment, that no such emergency was communicated at any time to the employer/carrier by Dr. Hooshmand or his office.
Then, after observing that in September 1990, the claimant had an authorized physician who had instructed her to return if she encountered any further problems, the judge related:
After seven months of no medical treatment, instead of returning to her authorized treating physician, or being seen at her local emergency room, the claimant, at her attorney’s instructions, went to Dr. Hooshmand, who was clearly not authorized.... I therefore conclude that the claimant’s actions in traveling to see Dr. Hooshmand and then later traveling to see Dr. Koulisis were unreasonable, in light of the fact that she had a local authorized treating physician. Furthermore, I find the employer/carrier’s actions to be reasonable.
The judge’s focus upon Hoosh-mand’s failure to communicate the emergency nature of his treatment to the employer/carrier when he called for authorization is puzzling. Also puzzling is the judge’s focus upon the reasonableness of the claimant’s- decision to seek an evaluation from someone other than her authorized treating physician. While Section 440.13, Florida Statutes, recognizes an employer /carrier’s right to exercise some control over the treatment given to an injured employee, that control naturally gives way when the employee requires emergency medical care. Prior authorization is simply not a prerequisite to the employer/carrier’s responsibility for emergency care, see Green v. Chromalloy-Turbocumbustor, 540 So.2d 874, 876 (Fla. 1st DCA 1989); Ocean Manor Resort Hotel v. Garbalosa, 512 So.2d 256, 257 (Fla. 1st DCA 1987); and Sunland Training Ctr. v. Brown, 396 So.2d 278, 279 (Fla. 1st DCA 1981), and for that reason, Hooshmand’s failure to communicate the emergency nature of his evaluation when seeking authorization is irrelevant. Also irrelevant is the reasonableness of the claimant’s decision about where to obtain emergency services. If the care provided the claimant on September 24 and immediately thereafter was emergency in nature, it was compensable even though the claimant might have been able to obtain similar services closer to home and from her authorized physician. Because the judge’s order highlights, to some degree, factors largely irrelevant to the factual issue presented herein, we reverse the order and remand for reconsideration of the record in light of the principles discussed herein.
Accordingly, we reverse the order denying the claimant’s request for payment of medical bills related to her September 1990 evaluation, surgery and hospital stay. Upon remand, the judge of compensation claims is directed to revisit her ruling upon said claim and enter a ruling upon the claimant’s pending claim requesting authorization for continued neurological and postsurgical care.
ERVIN and SMITH, JJ., concur.