BOOTH, Judge.
This appeal arises from an order of the judge of compensation claims (JCC) denying claimant wage-loss benefits from August 3, 1992 to September 25, 1992; payment of Dr. Lois Sommerville’s past medical bills; and penalties, interest, costs and attorney fees. We affirm in part and reverse and remand in part.[1]
First, claimant asserts error in denying wage-loss benefits for the period in which the JCC found that claimant failed to perform a good-faith job search. We find competent substantial evidence to support the JCC’s finding and affirm the denial of benefits without further discussion. See Clay Hyder Trucking v. Persinger, 416 So.2d 900 (Fla. 1st DCA 1982).
Second, claimant argues that the JCC erred in failing to order the employer and carrier (E/C) to pay for treatments rendered by his chiropractor Dr. Sommerville from July 11, 1990 to August 31, 1990. We find some merit in this argument. In his final order, the JCC accepted Dr. Sommer-ville’s testimony as to “the emergency situation in which the claimant found himself when he sought out her treatment.” However, the JCC denied payment of all of Dr. Sommerville’s bills because the E/C provided three alternative chiropractors on July 20, 1990.
It is well-settled that prior authorization is not a prerequisite to the E/C’s responsibility for payment of emergency medical care. Sieracki v. Pizza Hut, 599 So.2d 678 (Fla. 1st DCA 1992); Green v. Chromalloy-Turbo-cumbustor, 540 So.2d 874 (Fla. 1st DCA 1989); Ocean Manor Resort Hotel v. Garba-losa, 512 So.2d 256 (Fla. 1st DCA 1987). However, the general rule is that once an employee has been offered equivalent and reasonable care, the employee may not unilaterally obtain treatment at the E/C’s expense. Colace v. Hamlet Estates, Ltd., 573 So.2d 994 (Fla. 1st DCA 1991). Thus, the E/C are responsible for all care provided by Dr. Sommerville prior to offering the alterna-five chiropractors. Further, we note that the E/C failed to raise as an issue on appeal the JCC’s finding of the nature of the emergency. Accordingly, we reverse that portion of the JCC’s order denying payment of Dr. Sommerville’s bills prior to July 20, 1990.
Finally, we reverse and remand for the JCC to grant attorney fees pursuant to § 440.34(3)(b), Fla.Stat. (1989), and costs pursuant to § 440.34(3), Fla.Stat. (1989), but only as to payment of Dr. Sommerville’s bills. No other attorney fees or costs may be awarded since claimant did not prevail on any other claim. As to penalties and interest, we affirm the JCC’s denial because only medical benefits were involved. Smith v. General Conference of S.D.A., 535 So.2d 611 (Fla. 1st DCA 1988) [payments for medical services are not “compensation” and therefore are not subject to penalties for late payments under section 440.20(8), (9), Florida Statutes].
In sum, we affirm the JCC’s denial of wage-loss benefits. We reverse that portion of the order denying payment of Dr. Som-merville’s bills prior to July 20, 1990, and remand for the JCC to determine attorney fees and costs only as to the payment of such bills. All other aspects of the order are affirmed.
ALLEN and WEBSTER, JJ., concur.

. We also strike the appendices of both the answer and reply briefs because they contain materials not part of the record on appeal. See Altchiter v. State, Department of Professional Regulation, 442 So.2d 349, 350 (Fla. 1st DCA 1983).