788 So.2d 1138 (2001)
Doris A. PEDRONI, Appellant,
v.
William C. PEDRONI and Shane P. Schimmel, Appellee.
No. 5D00-2952.
District Court of Appeal of Florida, Fifth District.
July 13, 2001.
Henry T. Swann, III, St. Augustine, for Appellant.
George K. Brew, Jacksonville, for Appellee.
PALMER, J.
Doris Pedroni appeals the trial court's order taxing court costs against her in this probate proceeding. We affirm.
Pedroni contends that the award of court costs must be reversed for two reasons. *1139 First, she maintains that no legal authority exists to support the trial court's assessment of personal liability against her since all costs were incurred in proceedings in which she was properly acting in her capacity as the personal representative of her former husband's estate. Second, she contends that several individual cost claims were improperly taxed by the court. However, Pedroni did not appear personally or through counsel at the hearing held by the trial court on the motion for attorney's fees and costs. As such, she failed to preserve for appellate review any of the issues now asserted by her.
Moreover, in prosecuting this appeal, Pedroni has failed to provide this court with a sufficient record to support her claim for reversal. She has not provided this court with a transcript of the hearing which was conducted on the motion for court costs, nor an appropriate substitution therefore such as a stipulation of facts. She also has failed to provide this court with a complete record of the proceedings which were held on the will contest which formed the underlying basis for the cost award. She did not even include a copy of the motion to tax costs as a part of the record in this matter.[1] Based upon the record properly before this court, Pedroni has failed to sustain her burden of proving reversible error since the trial court's ruling comes to this court clothed with a presumption of correctness. See Chereskin v. Chereskin, 790 So.2d 496 (Fla. 5th DCA 2001)(explaining that appellant has the burden to provide appellate court with a record which supports appeal).
AFFIRMED.
COBB and HARRIS, JJ., concur.
NOTES
[1] Although Pedroni attempts to bring certain documents to this court's attention by including them in an unauthorized appendix attached to her reply brief, such documents are not part of the record on appeal and cannot properly be considered by this court. See Reza v. Ultra Brake, Inc., 637 So.2d 984, 985 n. 1(Fla. 1st DCA 1994)(explaining that it is improper for a party to included in an appendix material outside of the record); Altchiler v. Dep't Prof'l Regulation, 442 So.2d 349, 350 (Fla. 1st DCA 1983)(stating "that an appellate court may not consider matters outside the record is so elemental that there is no excuse for any attorney to attempt to bring such matters before the court").