526 So.2d 737 (1988)
Andrew GIORDANO, Appellant,
v.
CITY OF MIAMI, Appellee.
No. 87-297.
District Court of Appeal of Florida, First District.
May 27, 1988.
*738 Mark L. Zientz of Williams & Zientz, Coral Gables, for appellant.
Lucia A. Dougherty, City Atty. and Martha D. Fornaris, Asst. City Atty., Miami, for appellee.
ZEHMER, Judge.
Claimant seeks review of an order of the deputy commissioner denying his claim for permanent total disability benefits (PTD). He contends the deputy erred in failing to award "double" compensation benefits from the city along with penalties, interest, costs, and attorney's fees. We affirm.
Claimant sustained a compensable accident on August 24, 1973, and was accepted by the employer, the City of Miami, as permanently and totally disabled on December 2, 1973. On June 20, 1985, the deputy commissioner ordered that claimant be awarded PTD benefits at the rate of $80 per week, commencing December 3, 1973, to date and continuing for so long as claimant remained disabled. In accordance with a provision of the city code relating to pension offsets, the City reduced claimant's monthly pension benefit by the amount of the corresponding workers' compensation payment. The deputy found this offset impermissible and ordered the city to pay claimant $912.75 in pension benefits, plus $346.67 per month as PTD workers' compensation benefits. This order was affirmed without opinion. City of Miami v. Giordano, 488 So.2d 538 (Fla. 1st DCA 1986).
On September 26, 1986, claimant filed this claim for additional benefits seeking permanent total disability benefits from May 1, 1986, to date plus penalties, interests, costs, and attorney's fees. At the hearing held on March 19, 1987, it was agreed that claimant receives the $80 per week from the City but that the City deducts from his pension a sum equivalent to his workers' compensation benefits. Claimant argued that he was entitled to additional benefits because of this offset. The City argued that they were paying the $80 per week as ordered and that the pension board was a separate entity over which it had no control. Counsel for the City also pointed out:
You know, it needs to be in circuit court and it is. They're trying to certify a class in the Viejo versus City of Miami case, which Mr. Schwedock is handling. They're trying to determine whether in fact the pension board can take an offset based on the City of Miami paying compensation to an employee who has been hurt on the job. I cannot tell the pension board to do it. I'm paying $80.00 a week to Mr. Giordano. What more can we pay?
(R. 11-12). In his final order dated May 8, 1987, the deputy commissioner found that the claim for benefits had been previously adjudicated, that claimant had been continuously paid his PTD benefits by the City in compliance with the order of June 20, 1985, and denied the claim for payment of penalties, interests, costs, and attorney's fees to claimant's counsel.
Initially, we note that appellee has filed a motion to dismiss this appeal on the grounds that the appeal is frivolous in nature and wholly without merit. Appellee argues that the order appealed from is not a denial of a claim by the deputy but rather a finding by the deputy that the City had been in complete compliance with the order *739 of June 20, 1985, and thus, no practical result can ensue from reviewing this issue. Because we find that claimant is making a good faith effort to resolve the alleged wrong of offsetting workers' compensation benefits against pension benefits, we deny the appellee's motion to dismiss and its motion for fees and costs pursuant to section 440.32, Florida Statutes.
While it is admitted by both parties that claimant has been receiving PTD benefits of $80 per week since the entry of the original order, the Pension Board continues to reduce claimant's pension check by the amount of workers' compensation benefits. Although that practice was disapproved by the deputy in the original order and that order was affirmed by this court, recent decisions of this court have held that the City is not constrained by Jewel Tea Co. v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1970), or section 440.21, Florida Statutes (1985), from reducing a claimant's pension benefits in accordance with the City's municipal ordinance. City of Miami v. Knight, 510 So.2d 1069 (Fla. 1st DCA), rev. denied, 518 So.2d 1276 (Fla. 1987).
In City of Miami v. Barragan, 517 So.2d 99 (Fla. 1st DCA 1987), the issue of pension offset was again raised. This court reversed the deputy's ruling that the pension offset could not be taken citing City of Miami v. Knight, 510 So.2d 1069. The court then certified to the supreme court the question of whether a monthly pension payment to an injured worker may be reduced due to the receipt of workers' compensation benefits without violating section 440.21.
Pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v) we again certify to the supreme court the following question as one of great public importance:
DOES THE EMPLOYER'S REDUCTION OF CLAIMANT'S PENSION BENEFITS, PURSUANT TO CONTRACTUAL PROVISION FOR OFFSET OF WORKERS' COMPENSATION, PERMIT THE DEPUTY'S APPLICATION OF SECTION 440.21, FLORIDA STATUTES, TO AWARD COMPENSATION BENEFITS TO CLAIMANT "AT HIS COMBINED MAXIMUM MONTHLY WAGE"?
We must also point out that the deputy commissioner can only make workers' compensation awards and in this case did not have jurisdiction over the Pension Board.
AFFIRMED.
NIMMONS and BARFIELD, JJ., concur.