545 So.2d 252 (1989)
Paul BARRAGAN, Petitioner,
v.
CITY OF MIAMI, Respondent.
Andrew GIORDANO, Petitioner,
v.
CITY OF MIAMI, Respondent.
Nos. 71662, 72572.
Supreme Court of Florida.
April 20, 1989.
Rehearing Denied July 14, 1989.
Joseph C. Segor, Williams & Zientz, and Richard A. Sicking of Kaplan, Sicking & Bloom, P.A., Miami, for petitioners.
Jorge L. Fernandez, City Atty., Martha D. Fornaris, Asst. City Atty., and Jay M. Levy of Hershoff, Levy & Swartz, P.A., Miami, for respondent.
*253 GRIMES, Judge.
These cases, which involve the same issue, are consolidated for our consideration. In both cases, the First District Court of Appeal certified the following question as one of great public importance:[*]
DOES THE EMPLOYER'S REDUCTION OF CLAIMANT'S PENSION BENEFITS, PURSUANT TO CONTRACTUAL PROVISION FOR OFFSET OF WORKER'S COMPENSATION, PERMIT THE DEPUTY'S APPLICATION OF SECTION 440.21, FLORIDA STATUTES, TO AWARD COMPENSATION BENEFITS TO CLAIMANT "AT HIS COMBINED MAXIMUM MONTHLY WAGE"?
The facts of these cases are very similar. Both Barragan and Giordano were Miami police officers who suffered permanent, work-related injuries. In both cases they were granted workers' compensation benefits and disability pension benefits. In both cases the city, in conformity with a city ordinance, reduced the disability pension benefits by the amount of workers' compensation benefits.
The deputy commissioner found Barragan entitled to combined disability pension and workers' compensation benefits up to his average monthly wage. The First District Court of Appeal reversed on the authority of City of Miami v. Knight, 510 So.2d 1069 (Fla. 1st DCA), review denied, 518 So.2d 1276 (Fla. 1987). City of Miami v. Barragan, 517 So.2d 99 (Fla. 1st DCA 1987). In Giordano's case the deputy commissioner originally held the offset to be impermissible. The First District Court of Appeal affirmed this ruling without opinion in City of Miami v. Giordano, 488 So.2d 538 (Fla. 1st DCA 1986). However, when the city continued to deduct from Giordano's pension a sum equal to his workers' compensation, Giordano sought a comparable increase in his workers' compensation. The deputy commissioner denied this claim on the premise that even though the city had made deductions from the pension benefits, it had fulfilled its obligations under the workers' compensation laws. Notwithstanding its prior decision, the First District Court of Appeal also affirmed that ruling. Giordano v. City of Miami, 526 So.2d 737 (Fla. 1st DCA 1988) (relying on Knight).
The city asserts in each case that the deputy commissioner did not have jurisdiction to decide whether the city could reduce its pension benefits to the extent of workers' compensation payments. However, case law supports the view that a deputy commissioner may properly increase the amount of workers' compensation to offset illegal deductions made on the account of the payment of workers' compensation benefits. Marion Correctional Inst. v. Kriegel, 522 So.2d 45 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988); Chancey v. Florida Pub. Utils., 426 So.2d 1140 (Fla. 1st DCA 1983); see Jewel Tea Co. v. Florida Ind. Comm'n, 235 So.2d 289 (Fla. 1969). Also, we are not persuaded by the city's argument that its pension fund was an indispensable party. After all, the city is responsible for the payment of both workers' compensation and pension benefits regardless of the funds from which these monies are withdrawn, and the city has strenuously litigated this case on behalf of its pension fund throughout these proceedings. Thus, we will decide these cases on their merits.
Section 440.21, Florida Statutes (1987), an integral part of the workers' compensation law, states:
440.21 Invalid agreements; penalty. 
(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to *254 the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.083.
(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid.
In Jewel Tea Co. v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1969), the Court held that this statute prevented a private employer from deducting group health insurance benefits from an injured claimant's workers' compensation benefits. In pointing out that the employer could not accomplish the same result by deducting the compensation payments from the insurance benefits, the Court said:
Regardless of whether you say the workmen's compensation benefits reduce the group insurance benefits or visa [sic] versa, the result violates the Statute. Claimant is entitled to workmen's compensation in addition to any benefits under an insurance plan to which he contributed.
Id. at 291. The same rule was followed with respect to sick leave benefits, Brown v. S.S. Kresge Co., 305 So.2d 191 (Fla. 1974), and pension benefits, regardless of whether the employee contributed to the funding of these benefits. Domutz v. Southern Bell Tel. & Tel. Co., 339 So.2d 636 (Fla. 1976). However, the total benefits from all sources cannot exceed the employee's weekly wage. Domutz; Brown.
Originally, the rule was different with respect to public employees. In City of Miami v. Graham, 138 So.2d 751 (Fla. 1962), the Court held that where an employee of the City of Miami had received pension benefits in excess of the amount of workers' compensation benefits to which he would have otherwise been entitled, the city was not obligated to pay him any workers' compensation benefits. The Court based its holding on section 440.09(4), Florida Statutes (1957), which provided that any workers' compensation benefits payable to injured public employees should be reduced by the amount of pension benefits which were also payable.
In 1973, the legislature repealed section 440.09(4). Thereafter, there was no state statute on this subject which authorized public employees to be treated any differently than private employees. However, the City of Miami has maintained an ordinance since 1973 which provides for the offset of pension benefits against workers' compensation benefits. In Hoffkins v. City of Miami, 339 So.2d 1145 (Fla. 3d DCA 1976), the district court of appeal upheld the deduction of workers' compensation benefits from the pension check of a City of Miami employee based on this ordinance. The court reasoned that if section 440.09(4) was valid before its repeal, the ordinance which was enacted under the city's home rule power must also be valid. It is this decision which was wrong and which misled the district court of appeal in this case.
Section 166.021(3)(c), Florida Statutes (1987), which is part of the municipal home rule powers act, limits cities from legislating on any subject expressly preempted to state government by general law. The preemption need not be explicit so long as it is clear that the legislature has clearly preempted local regulation of the subject. Tribune Co. v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed, 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835 (1985). There can be no doubt that chapter 440 has preempted local regulation on the subject of workers' compensation. Section 440.03, Florida Statutes (1987), states that every "employer" and "employee" as defined in section 440.02 shall be bound by the provisions of chapter 440. The definition of "employer" in section 440.02(12), Florida Statutes (1987), includes all political subdivisions of the state. Section 440.10, Florida Statutes (1987), requires every employer coming within the provisions of the workers' compensation law to provide the compensation set forth therein.
Under state law, section 440.21 prohibits an employer from deducting workers' compensation benefits from an employee's pension benefits. Yet, the City of Miami has passed an ordinance which permits *255 this to be done. The ordinance flies in the face of state law and cannot be sustained.
The employer may not offset workers' compensation payments against an employee's pension benefits except to the extent that the total of the two exceeds the employee's average monthly wage. We answer the certified question in the affirmative and disapprove the opinions in City of Miami v. Knight and Hoffkins v. City of Miami. We quash the decisions of the district court of appeal in Barragan and Giordano and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, C.J., concurs in result only, with an opinion.
McDONALD, J., dissents with an opinion.
KOGAN, J., did not participate in this case.
EHRLICH, Chief Justice, concurring in result only.
The ordinance in question seeks to accomplish the results permitted by section 440.09(4), Florida Statutes (1957) which was repealed by the legislature in 1973. In my opinion the ordinance is the functional equivalent of the repealed statute. The city should not be permitted to do indirectly that which it cannot do directly.
Since the employee has made contribution to the pension fund, the teachings of Jewel Tea Co. v. Florida Industrial Commission, 235 So.2d 289, 291 (Fla. 1969), are very much applicable.
Regardless of whether you say the workmen's compensation benefits reduce the group insurance benefits or visa versa, the result violates the Statute. Claimant is entitled to workmen's compensation in addition to any benefits under an insurance plan to which he contributed.
McDONALD, Justice, dissenting.
The decision of the district court of appeal should be approved and the certified question answered in the negative.
The claimants' workers' compensation benefits are not, and have not been, reduced in the slightest; the claimants are not contributing to their workers' compensation benefits contrary to section 440.21, Florida Statutes (1987).[*] What is involved here is the calculation of disability pension benefits, which are paid in addition to workers' compensation benefits. The majority opinion requires the city, absent a direct statutory or contractual basis therefor, to pay an amount of pension benefits greater than that for which the city bargained.
Workers' compensation benefits are mandated by statute for injuries and disability flowing therefrom as a result of an accident occurring on the job. Disability pension benefits are not statutorily required. Yet the city, as a part of its employment package, has agreed to pay its employees a disability pension if the employee becomes disabled while working for the city. It does not matter whether the disability was caused by a work-related accident or not. As a part of that bargain, however, the parties agreed that if the disability was covered by workers' compensation benefits, then the disability pension benefits shall be reduced by the amount of workers' compensation benefits. In all events the total of the two would never be less than that called for in the agreement for disability pension benefits. It is true that a small sum is deducted from each employee's *256 wages to go into the disability pension funds, but this contribution is always less than the disability pension benefits paid even when workers' compensation benefits are paid and deducted from what the disability payments would have been had the disability been nonjob-related. This contribution is to the pension fund and not to benefits required under chapter 440, Florida Statutes, which is what section 440.21 prohibits.
I cannot see how such a contractual agreement can be construed to be in violation of section 440.21. Jewel Tea Co. v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1969), despite some of its language, should not be applied to forbid a calculation of what disability pension benefits are due. Judge Mills of the First District Court of Appeal in City of Miami v. Knight, 510 So.2d 1069, 1073 (Fla. 1st DCA), review denied, 518 So.2d 1276 (Fla. 1987), properly noted that Jewel Tea and a line of cases following it represent only the proposition that workers' compensation benefits cannot be reduced by any benefit to which the claimant is contractually entitled independent of workers' compensation. Jewel Tea has, or should have, no significance to the issue at hand.
The majority opinion inexplicably states that section 440.21 prohibits an employer from deducting workers' compensation from an employee's pension benefits. Nothing in that section says or suggests that and to reach such a conclusion requires the use of convoluted reasoning and negates an arms-length bargaining contract between the union representatives and the city. It implicitly invites the parties back to the bargaining table to reevaluate the pension program.
Even the majority opinion makes an exception to its own espoused rule when it limits the combined workers' compensation and pension benefits to the total wages of the employee. While this is equitable, it further suggests that in rendering this decision the Court is legislating.
I further disagree that the deputy commissioner has any jurisdiction to direct payment of pension benefits. The deputy's jurisdiction is to assure compliance with the required payments of chapter 440, not to reach outside this section of the statute.
NOTES
[*] City of Miami v. Barragan, 517 So.2d 99, 99 (Fla. 1st DCA 1987); Giordano v. City of Miami, 526 So.2d 737, 739 (Fla. 1st DCA 1988). Our jurisdiction is predicated on article V, section 3(b)(4), Florida Constitution.
[*] 440.21 Invalid agreements; penalty. 

(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation of medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.083.
(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid.