WIGGINTON, Judge.
The City of Miami appeals the order of the Judge of Compensation Claims granting claimant’s petition for modification and ordering retroactive payment of compensation benefits from May 24, 1980 through June 23, 1986. Although the City raises three points on appeal, because we agree that the JCC improperly granted modification in this case, we need not reach the other points raised.
The parties to this cause appeared before this court in an earlier appeal wherein the claimant challenged the validity of the City’s pension offset ordinance. In City of Miami v. Knight, 510 So.2d 1069 (Fla. 1st DCA), review denied, 518 So.2d 1276 (Fla.1987) (Knight I), this court reversed the then deputy commissioner’s award of pension offset benefits, holding that the ordinance was part of claimant's pension and employment contract with the City, and that the contractual agreement by claimant to accept a pension benefit reduced by any workers’ compensation to which he might be simultaneously entitled was valid and was not an agreement by an employee to waive his rights to workers’ compensation otherwise invalid under section 440.21(2), Florida Statutes. However, in 1989, in response to a question certified by this court *105 to be one of great public importance on the same issue, the supreme court issued its opinion in City of Miami v. Barragan, 545 So.2d 252 (Fla.1989) holding that the City’s ordinance “flies in the face of state law ...and specifically disapproving this court’s decision in Knight I. Id. at 255.
Relying on Barragan, claimant filed a timely petition for modification asserting that he was entitled to modification based upon a change of condition or mistake of fact. However, at the hearing on the petition, claimant conceded that there had been no change in his physical condition since his last hearing in 1986.
The JCC entered the order now under review wherein he found that based upon the supreme court’s opinion in Barragan, there was a mistake of fact in the opinion upon which the mandate was filed in Knight I and that claimant was therefore entitled to retroactive compensation benefits at the rate of $400.14 per month from May 24, 1980 through June 23, 1986.
On appeal, the City of Miami strenuously urges that section 440.28, Florida Statutes, allowing for modification of previously entered orders on the ground of change of condition or because of a mistake in a determination of fact, does not provide for modification where there has been a mistake or change in law.
Claimant responds by arguing that the “mistake of fact” is twofold. He argues that in this court’s opinion in Knight I, it found factually that the situation did not call for the application of the principles espoused in prior supreme court decisions, and that the code provision under which the pension offset was taken was a valid law. Although the claimant maintains that the City has misconstrued his argument and that he does not seek a modification based upon a change in the interpretation of applicable law, he nonetheless asks for reinstatement of the JCC’s original order based upon the supreme court’s “overturning” of Knight I. He also relies on this court’s decision in Massie v. University of Florida, 570 So.2d 963 (Fla. 1st DCA 1990), review granted, 576 So.2d 294 (Fla.1991), for the proposition that modification may be appropriate based on a change in the interpretation of applicable law where, as here, manifest injustice would occur if claimant was precluded from collecting compensation benefits which he was originally awarded and then lost based upon the erroneous factual determinations made by this court in Knight I.
We must agree with the City that the JCC improperly granted claimant’s petition for modification and that his argument on this point is transparent. There was no mistake of fact in the earlier proceedings in this cause; rather, the petition for modification is clearly based on a change in deci-sional law which is an improper basis upon which to modify an earlier compensation order. Cf Plymouth Citrus Products Co-Op v. Williamson, 71 So.2d 162 (Fla.1954).
We are also not persuaded that this court’s decision in Massie v. University of Florida is applicable to this case. As the City notes, there was no question in Massie that this court was concerned with an obvious mistake of fact in its earlier interpretation of the deposition testimony of an expert witness. Indeed, Judge Ervin’s concurrence makes clear that the case is decided on the narrow basis that there was no competent and substantial evidence to support the earlier decision. We also do not consider this case to be one presenting such unusual and exceptional circumstances of manifest injustice so as to call for reconsideration of the point of law previously decided in Knight I.
Accordingly, for the foregoing reasons, the JCC’s order granting claimant’s petition for modification is hereby reversed and the cause remanded for further proceedings consistent with this opinion.
BARFIELD and KAHN, JJ., concur.