596 So.2d 478 (1992)
CITY OF MIAMI, Appellant,
v.
Lucious E. BURNETT, Appellee.
No. 91-784.
District Court of Appeal of Florida, First District.
March 24, 1992.
Rehearing Denied April 28, 1992.
Jorge J. Fernandez, City Atty., and Ramon Irizarri and Kathryn S. Pecko, Asst. City Attys., Miami, for appellant.
Mark L. Zientz of Williams & Zientz, and Richard A. Sicking of Richard A. Sicking, P.A., Miami, for appellee.
BARFIELD, Judge.
The issue presented in this appeal is the retroactive application of Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989), to the claim of an employee injured after June 30, 1973, the last effective date of section 440.09(4), Florida Statutes (1957), repealed by chapter 73-127, Laws of Florida, effective July 1, 1973. Consistent with our holding in City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991), we hold that Barragan has retroactive application to July 1, 1973.
Our reading of Barragan convinces us that the supreme court did not intend to excuse retroactive application of its decision. Its rejection of the City of Miami ordinance as contravening section 440.21, Florida Statutes (1987), the state law which prohibits the city from collecting from the employee a contribution to a fund to pay workers' compensation benefits, is interpreted by this court to mean that the ordinance was void effective July 1, 1973, and therefore was not part of the law comprising the contract for benefits between the employer and employee. City of Miami v. Jones, 593 So.2d 544 (Fla. 1st DCA 1992).
The order of the Judge of Compensation Claims is AFFIRMED.[1]
*479 Claimant has filed a motion for award of attorney fees against the employer for his legal representation on appeal. We intend to grant that motion, but not without comment. The content of the motion is legally inadequate, but that comes as no surprise because many of the motions for attorney fees on appeal in workers' compensation cases are inadequate. This shortcoming prevails notwithstanding nine years of explanation and warning issued by this court. Southern Erectors, Inc. v. Gay, 558 So.2d 1099 (Fla. 1st DCA 1990); Lehigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981).
The motion before this court cites as authority for attorney fees section 440.34(5), Florida Statutes (1980), although the date of accident was May 31, 1975. This precise problem was addressed by this court and resolved against the claimant in Ship Shape v. Taylor, 397 So.2d 1199, 1201 (Fla. 1st DCA 1981), wherein this court explained that the appropriate law for award of attorney fees is the law in effect on the date of the accident. On May 31, 1975, the law in effect providing for the award of attorney fees against the employer was substantially the same as in the authority cited in claimant's motion and as the law exists today. Section 440.34(1), Florida Statutes (1973).
We also note that claimant asks for a fee only if he prevails on appeal. We make two assumptions with respect to this request. First, should claimant not prevail, he would not want to be paid an attorney fee. Second, he wishes the fee to be paid by the employer. While we seldom have awarded fees when the claimant did not prevail, there is no limitation as such in the statute. Furthermore, judicial imprimatur on the discretionary allowance of attorney fees is enveloped in an aura of age. Wick Roofing Company v. Curtis, 110 So.2d 385 (Fla. 1959).
In finally determining that claimant should receive a fee in this case at the expense of the employer, we are persuaded by the absence of any objection or challenge from the employer. Certainly the employer, charged with as much knowledge of the law as the claimant, would have objected, if it believed no fee should be awarded. This case is one of particular importance to claimant's counsel as it determines the retroactive application of Barragan, involved oral argument before this court and will serve as precedent for the disposition of many cases now pending before this court and expected to be filed as they are resolved by the Judges of Compensation Claims in Miami. We already note the pendency of numerous cases from Miami involving the Barragan issue and the briefs which are duplicative of the ones filed in this case by appellee.
We grant the appellee's motion for attorney fees payable by the employer and remand this case to the Judge of Compensation Claims to determine the amount of the fee, if the parties are unable to agree.
WIGGINTON and KAHN, JJ., concur.
NOTES
[1] The benefits awarded were an "increase" in "the amount of workers' compensation to offset illegal deductions" from the employee's pension fund pursuant to Barragan v. City of Miami, 545 So.2d 252, 253 (Fla. 1989). No contention has been made that the City failed to pay the workers' compensation benefits due pursuant to chapter 440.