PER CURIAM.
This is an appeal of an order which required the appellant, City of Miami, to reimburse appellee for offsets which had been taken from his pension benefits. We affirm.
The issues raised by appellant have previously been rejected by this court and we *964 reject them here. City of Miami v. Burnett, 596 So.2d 478 (Fla. 1st DCA 1992). See City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991). Accordingly, the order of the Judge of Compensation Claims is affirmed.
Appellee has filed a motion for an award of attorney’s fees against the employer for his legal representation on appeal. We grant the motion. We remand this matter to the Judge of Compensation Claims for the purpose of determining the amount of appellate attorney’s fees, in the event the parties cannot agree on an amount. In setting the amount of fees, the JCC should consider that part of our opinion in Burnett which dealt with attorney’s fees. We note that this is one of the cases in which the briefs were largely duplicative of other briefs filed by similarly situated appellees in a large number of cases which have been filed in this court involving the City of Miami’s pension offset ordinance. Although in this case, unlike Burnett, the City did file an objection to the attorney’s fee motion, the objection was not timely and, in fact, was not filed until after our opinion in Burnett issued. No motion to extend the time for filing a response to appellee’s motion for attorney’s fees was filed. Fla.W.C.R.P. 4.230(a).
ERVIN, WIGGINTON and MINER, JJ„ concur.