PER CURIAM.
The first issue presented in this appeal is the retroactive application of Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), to the claim of an employee injured after June 30, 1973, the last effective date of section 440.09(4), Florida Statutes (1957), repealed by chapter 73-127, Laws of Florida, effective July 1, 1973. Consistent with our holdings in City of Miami v. Burnett, 596 So.2d 478 (Fla. 1st DCA 1992), and City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991), we hold that Barragan has retroactive application to July 1, 1973. Accordingly, that portion of the order of the judge of compensation claims awarding reimbursement of the amounts offset from the pension is affirmed.
The City’s second point contends it was error to award penalties on the retroactively awarded setoff benefits. The judge in the present case awarded a 10% penalty on all benefits due from March 19, 1977 through February 10,1978 pursuant to section 440.20(5), Florida Statutes (1975). A 20% penalty on benefits due from February 11, 1978 through July 31, 1989, was awarded pursuant to section 440.20(6), Florida Statutes (1975).
Section 440.20(6) provides: “If any compensation, payable under the terms of an award, is not paid within 20 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof.” The judge imposed the 20% penalty for failure to timely pay pursuant to the February 10, 1978 order of Judge Henderson. Judge Henderson’s order was an approval of a lump sum payment of remedial treatment. The claimant testified that all the terms and conditions of this order had been met by the City. Furthermore, this was not an award of compensation as contemplated by section 440.20(6). See, e.g., Brantley v. ADH Building Contractors, Inc., 215 So.2d 297 (Fla.1968). The award of a 20% penalty under section 440.20(6) is reversed.
We affirm the award of a 10% penalty. Section 440.20 provides, in part:
(4) If the employer controverts the right to compensation he shall file with the division on or before the 21st day after he has knowledge of the alleged injury or death, a notice in accordance with a form prescribed by the division, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted.
(5) If any installment of compensation payable without an award is not paid within 14 days after it becomes due, as provided in subsection (2), there shall be added to such unpaid installment an amount equal to 10 percent thereof ... unless notice is filed under subsection (4), or unless such nonpayment results from conditions over which the employer or carrier had no control.
In the present case, the claim was filed on November 1, 1989; the City controverted the claim on November 17, 1989. The supreme court denied rehearing in Barra-gan on July 14, 1989. As recognized in City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992), the application of section 440.20(5), Florida Statutes (1975), to the facts of this case is a matter of great public importance and we so certify to the supreme court.
“Compensation” is defined as the money allowance payable to an employee as pro *1194 vided for in Chapter 440. Section 440.-02(11), Florida Statutes (1975). As noted in Burnett, “the benefits awarded were an ‘increase’ in ‘the amount of workers’ compensation to offset illegal deductions’ from the employee’s pension fund pursuant to Barragan v. City of Miami, 545 So.2d 252, 253 (Fla.1989). No contention has been made that the City failed to pay the workers’ compensation benefits due pursuant to chapter 440.” Burnett, 596 So.2d at 478 n. 1. It does not appear that the amounts awarded were part of an “installment of compensation” as contemplated by section 440.20. Cf Brantley, 215 So.2d at 299 (Reference to section 440.20(6) will reveal that the penalty is based on unpaid compensation. Provision for medical services and the amount of compensation for disability are treated by different sections of the Workers’ Compensation Act. Furnishing medical and hospitalization services is a benefit provided, but it is not compensation as contemplated by the Act.).
We feel constrained, however, to affirm the award of penalties pursuant to section 440.20(5), Florida Statutes (1975), in view of the supreme court’s reliance on the quoted portion of Jewel Tea Co. v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1969). The supreme court held in Barra-gan that the deputy commissioner had jurisdiction to decide whether the city could reduce its pension benefits to the extent of workers’ compensation payments. The supreme court cited Jewel Tea Co., in which the court held that section 440.21, Florida Statutes, prevented a private employer from deducting group health insurance benefits from an injured claimant’s workers’ compensation benefits. In pointing out that the employer could not accomplish the same result by deducting the compensation payments from the insurance benefits, the Court said:
Regardless of whether you say the workmen’s compensation benefits reduce the group insurance benefits or visa [sic] versa, the result violates the Statute. Claimant is entitled to workmen’s compensation in addition to any benefits under an insurance plan to which he contributed.
Id. at 291. Barragan, 545 So.2d at 254.
We remand to the judge of compensation claims for consideration of whether a penalty pursuant to section 440.20(5) should be imposed on benefits due from February 11, 1978 through July 31,1989. We certify the following question to be one of great public importance:
Whether an increase in workers’ compensation benefits, awarded pursuant to section 440.21 to offset illegal deductions from an employee’s pension fund, in accordance with Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), constitutes an “installment of compensation” for purposes of section 440.20, Florida Statutes?
AFFIRMED in part, REVERSED in part and REMANDED.
SMITH and BARFIELD, JJ., concur.
BOOTH, J., dissents in part, with opinion.