PER CURIAM.
The first issue presented in this appeal is the retroactive application of Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), to the claim of an employee injured after June 30, 1973, the last effective date of section 440.09(4), Florida Statutes (1957), repealed by chapter 73-127, Laws of Florida, effective July 1, 1973. Consistent with our holdings in City of Miami v. Burnett, 596 So.2d 478 (Fla. 1st DCA 1992), and City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA1991), we hold that Bar-ragan has retroactive application to July 1, 1973.
The City of Miami also argues that the judge of compensation claims improperly awarded costs and penalties pursuant to section 440.20 because penalties and costs were not specifically included in the statement of the claim in the pretrial questionnaire. We reject this argument. Although penalties and costs were not specifically mentioned in the pretrial questionnaire, these items were specifically requested in the claim for benefits and in the claimant’s memorandum of law which was submitted to the judge of compensation claims. See Sandestin Beach Resort v. Kever, 573 So.2d 98 (Fla. 1st DCA1991).[1]
*954 Section 440.20, Florida Statutes (1975), provides for imposition of a penalty when compensation is not timely paid. “Compensation” is defined as the money allowance payable to an employee as provided for in Chapter 440. Section 440.-02(11), Florida Statutes (1975). As noted in Burnett, “the benefits awarded were an ‘increase’ in the ‘the amount of workers’ compensation to offset illegal deductions’ from the employee’s pension fund pursuant to Barragan v. City of Miami, 545 So.2d 252, 253 (Fla.1989). No contention has been made that the City failed to pay the workers’ compensation benefits due pursuant to chapter 440.” Burnett, 596 So.2d at 478 n. 1. It does not appear that the amounts awarded were “compensation” as contemplated by section 440.20. Cf. Brantley v. ADH Building Contractors, Inc., 215 So.2d 297 at 299 (Fla.1968) (Reference to section 440.20(6) will reveal that the penalty is based on unpaid compensation. Provision for medical services and the amount of compensation for disability are treated by different sections of the Workers’ Compensation Act. Furnishing medical and hospitalization services is a benefit provided, but it is not compensation as contemplated by the Act.).
We feel constrained, however, to affirm the award of penalties pursuant to section 440.20(5), Florida Statutes (1975), in view of the supreme court’s reliance in Barragan on the quoted portion of Jewel Tea Co. v. Florida Industrial Commission, 235 So.2d 289 (Fla.1969). The supreme court held in Barragan that the deputy commissioner had jurisdiction to decide whether the city could reduce its pension benefits to the extent of workers’ compensation payments. The supreme court cited Jewel Tea Co., in which the court held that section 440.21, Florida Statutes, prevented a private employer from deducting group health insurance benefits from an injured claimant’s workers’ compensation benefits. In pointing out that the employer could not accomplish the same result by deducting the compensation payments from the insurance benefits, the Court said:
“Regardless of whether you say the workmen’s compensation benefits reduce the group insurance benefits or visa [sic] versa, the result violates the Statute. Claimant is entitled to workmen’s compensation in addition to any benefits under an insurance plan to which he contributed.
Id. at 291.” Barragan, 545 So.2d at 254.
We certify the following question to be one of great public importance:
Whether an increase in workers’ compensation benefits, awarded pursuant to section 440.21 to offset illegal deductions from an employee’s pension fund, in accordance with Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), constitutes “compensation” for purposes of section 440.20, Florida Statutes?
We also certify the same question certified in City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992).
AFFIRMED.
SHIVERS, WIGGINTON and BARFIELD, JJ., concur.

. The remaining arguments raised by the City of Miami are without merit. City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992); Gates v. City of Miami, 592 So.2d 749 (Fla. 3d DCA1992).