BARFIELD, Judge.
This is another case involving the City of Miami’s pension offset ordinance. The Judge of Compensation Claims awarded the claimant reimbursement of amounts offset from the claimant’s pension benefits pursuant to the supreme court’s decision in Barragan v. City of Miami, 545 So.2d 252 (Fla.1989). We reverse the appealed order.
The claimant was injured on March 26, 1980. On July 30,1981, he was administratively accepted as permanently totally disabled and began receiving disability retirement. Pursuant to the City’s pension offset ordinance, the claimant’s monthly pension annuity was reduced by the amount of workers’ compensation paid. The claimant’s workers’ compensation benefits were suspended in 1985. A letter from the City, addressed to the claimant, stated that his permanent total disability benefits were suspended effective May 1, 1985, because he was now able to work and informed him that he would “now receive the full amount of [his] pension benefits directly from the Retirement System.”
The claimant filed his claim in 1991 seeking reimbursement of the amount offset from his pension from July 30, 1981 through April 28, 1985. The judge of compensation claims erred in awarding reimbursement of pension offset benefits. Section 440.19(l)(a), Florida Statutes (1979), provides:
The right to compensation for disability, impairment, or wage loss under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (d) is filed within 2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment has been furnished *632 by the employer on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
Because this claim was filed nearly six years after the last payment of compensation, the claim is barred. Accordingly, the appealed order is REVERSED.
BOOTH and MINER, JJ., concur.