**In re Donald C. FREIGO and Pendala D. Freigo, p/d/b/a Penny Tees, Debtors.**

**Bankruptcy No. 91–4652–BKC–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 28, 1992.

Armistead Ellis, Daytona Beach, FL, for debtors.

Gregory K. Crews, Jacksonville, FL, trustee.

Walter W. Snell, Daytona Beach, FL, for City of Daytona Beach.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Debtor Donald C. Freigo's Motion for Sanctions against the City of Daytona Beach ("City") for violation of 11 U.S.C. § 362(a). A hearing on the motion was held on August 5, 1992, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Debtor was employed by the City as a police officer and sustained a work related injury in August of 1984. Due to that injury, debtor received workers' compensation payments until September of 1988.

The City adopted a Disability and Pension Plan in December, 1974. Section 6 of the plan provides for a reduction in payments due injured employees for lump sum workers' compensation awards.

On August 19, 1988, debtor and the City signed and filed a Joint Petition and Stipulation for Release of All Liability in the workers' compensation case brought by debtor against the City. The Joint Stipulation was approved by the State of Florida Deputy Commissioner in the compensation case on August 31, 1988.

On August 10, 1988, counsel for the City sent a letter to the attorney then representing the debtor requesting that the Joint Stipulation be binding on the parties notwithstanding the pending decision of the Florida Supreme Court in a similar case. Debtor signed the letter, agreeing that the settlement would be binding.

Debtor filed a petition under chapter 7 of the Bankruptcy Code on August 31, 1991. At that time, debtor had been receiving workers' compensation benefits, from which the City had been off-setting his disability payments. The City continued to off-set such amounts post-petition.

As of the date of the hearing, the City had deducted a total of $5,500.00 post-petition ($500.00 a month for eleven months).

The City was scheduled as an unsecured, non-priority creditor holding a $20,000.00 claim and received notice of the bankruptcy filing. No adversary proceeding has been filed by either party to determine the dischargeability of the debt.

Debtor testified that he incurred $500.00 in attorney's fees prosecuting this Motion for Sanctions.

The issue before the Court is whether the City's off-set of disability payments against workers' compensation benefits is a willful violation of the automatic stay under § 362(h).

### Conclusions of Law

The filing of a bankruptcy petition operates as a stay that applies to all entities regarding

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; ....

11 U.S.C. § 362(a)(6) and (7).

Protecting the debtor from the harassment of collection efforts, the automatic stay facilitates an orderly liquidation or reorganization of the debtor's property. Accordingly, it is one of the most integral provisions found in the Bankruptcy Code. *See,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 174–75 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 49–50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835–36, 6134–36.

■ Section 362(h) provides an individual with recourse when injured by a willful violation of the automatic stay. The section reads in relevant part:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Thus, where a "willful" violation has occurred, compensatory damages are mandatory. *In re Kilby,* 100 B.R. 579, 581 (Bankr.M.D.Fla.1989).

■ In order to qualify as "willful" the conduct need only have been deliberate, a specific intent to violate a court order is not a prerequisite for a § 362(h) violation. *Id.; In re Wagner,* 74 B.R. 898 (Bankr.E.D.Pa. 1987).

■ The City argues that Ordinance No. 74–362 authorized the deductions from debtor's disability payments. The ordinance reads in relevant part:

SECTION 6. Service Connected Total and Permanent Disability Pension.

Upon his retirement on account of permanent total disability, any member whose permanent total disability has arisen as a result of an illness, disease or personal injury arising out of and in the

course of his actual performance of duty in the employ of the city, and who is in receipt of workmen's compensation benefits on account of such illness, disease or personal injury, shall be placed on pension by the board. The amount of such pension shall be determined as in section 5.5 of the pension funds, based upon thirty (30) years of service credits. All payments of pension benefits shall be reduced by the amount of workmen's compensation benefits received and for the statutory period during which such compensation benefits are or would be payable. In the event compensation benefits are paid in a lump sum, the board will determine the period for which such compensation benefits were payable and appropriately reduce the pension benefit payments during such period. At the expiration of the statutory period for which workmen's compensation payments were payable, the pension benefits shall be increased accordingly.

However, the City's argument must fail based on the Florida Supreme Court case of *Barragan v. Miami*, 545 So.2d 252 (Fla. 1989), *clarified, reh'g denied*, 545 So.2d 252 (Fla.1989). The *Barragan* case also involved a police officer disabled during the line of duty whose disability benefits were reduced by the amount of his workers' compensation benefits pursuant to a city ordinance. The Court held that FLA.STAT. ch. 440 "preempted local regulation on the subject of workers' compensation." *Id.* at 254. Thus, the Court concluded that FLA. STAT. ch. 440.21 [1] precluded an employer from deducting workers' compensation awards from pension benefits due an employee, except to the extent that the aggregate sum of the two benefits exceeded the employee's average monthly income.

The only factual distinction between the instant case and *Barragan* is that the debt-or's workers' compensation benefits were paid as a lump sum settlement. This Court finds that such distinction should not change the result reached by the Florida Supreme Court. In essence, the City is treating the debtor as if he receives regular monthly worker's compensation benefits that are then offset against the disability benefits. This is the conduct which was expressly prohibited in the *Barragan* case.

The City then argues that *Barragan* should not apply because debtor waived the right to its protection in the August, 1988, letter. The Florida statute clearly states that no waiver by an employee of his right to workers' compensation benefits will be valid. FLA.STAT. ch. 440.21(2). Thus, the purported waiver by the debtor was not valid.

 The City also claims that the reduction was done as a recoupment, rather than an offset; therefore, the automatic stay does not apply. Recoupment has generally been permitted in bankruptcy cases where the debtor and the creditor have claims against each other which arise out of the same contract. *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir.1984). The fact that the parties involved are the same and that the claims arise out of similar circumstances, does not necessitate a finding that the claims arise out of the same transaction. *Id.*

Generally, the cases holding that a right of recoupment exists deal with claims arising out of the same contract which provides for such recoupment. *Visiting Nurse Assn. v. Sullivan*, 121 B.R. 114 (Bankr.M.D.Fla.1990); *In re Hiler*, 99 B.R. 238 (Bankr.D.N.J. (1989). In the instant case, the workers' compensation benefits and the disability benefits both flow from the same injury, but the right to such benefits arises from independent sources. Accordingly, the claims do not arise from the

---

1. FLA.STAT. ch. 440.21 provides:

(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.083.

(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid.

same transaction and no right of recoupment exists.

█ The deductions by the City were termed as an offset in the August 10, 1988, letter from the City's counsel to debtor's counsel. Since the right to the two benefits arise from different transactions, the claims are being offset against one another, rather than recouped. Section 362(a)(7) stays any act to offset a pre-petition debt of the debtor. Therefore, by offsetting the workers' compensation benefits against the disability payments, the City violated the automatic stay.

The actions by the City were done deliberately and in violation of the automatic stay. As a direct consequence, Debtor was deprived of eleven months of workers' compensation benefits at $500.00 a month for total damages of $5,500.00 and is entitled to an award of sanctions for such amount. In addition, the Court finds that $500.00 represents reasonable compensation for debtor's attorney in pursuing this motion. Accordingly, debtor shall recover $6,000.00 for damages and fees.

A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.