PER CURIAM.
The City of Miami appeals an order of the judge of compensation claims awarding the payment of benefits, interest and a ten percent penalty. See Barragan v. City of Miami, 545 So.2d 252 (Fla.1989). The City complains that the Barragan decision should not have retroactive application; that the award of a penalty is error; and that the award of interest (and the penalty) is not due because the payment awarded constitutes a retroactive pension payment rather than “compensation” within the meaning of section 440.20, Florida Statutes.[1] After a thorough review *1242 of the briefs, we are of the view that the issues raised by the City have been decided adversely to the City in prior decisions of this court. However, as we did in City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992), we certify the question regarding the legality of requiring a penalty payment in these circumstances. Similarly, as we did in City of Miami v. McLean, 606 So.2d 953 (Fla. 1st DCA 1992), we certify the question whether the payment of benefits in this case constituted “compensation” for purposes of the penalty provision of section 440.20, Florida Statutes; and though not considered in McLean, whether the payment of benefits constituted “compensation” for purposes of the award of interest.
AFFIRMED.
ERVIN, SMITH and ALLEN, JJ., concur.

. Because claimant's accident occurred on May 13, 1976, penalties are awardable under section 440.20(5), Florida Statutes (1975). Before 1978, statutory interest was due on unpaid workers' compensation pursuant to section 687.01, Florida Statutes, which at the time was six percent per annum. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla.1955). In 1978, Laws of Florida, Chapter 78-300, the legislature added a subsection to section 440.20 providing for statutory *1242 interest at the rate of twelve percent for payments due after July 1, 1978. Myers v. Carr Construction Co., 387 So.2d 417 (Fla. 1st DCA 1980).