ON REMAND
ZEHMER, Chief Judge.
Our original decision in this case, City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992), was reviewed by the supreme court on a certified question concerning the application of the penalty provisions in subsection 440.20(7), Florida Statutes (1985). City of Miami v. Bell, 634 So.2d 163 (Fla.1994). In answering the certified question, the supreme court determined that its decision in Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), should not be given retroactive effect prior to the date of that decision, July 14, 1989.[1] The supreme court also held that penalties due under section 440.20 would be applicable to any offsets taken after that date but not applicable to offsets taken before that date. The supreme court quashed our decision “[t]o the extent it is inconsistent with our present opinion” and remanded “for proceedings consistent with this opinion.” Id. 643 So.2d at 166.
In accordance with the supreme court’s directions, the decision of this court discussed in parts I and III of our opinion filed September 16, 1992, and reported at 606 So.2d 1183, is quashed to the extent that it is inconsistent with the supreme court’s disapproval of the retroactive application of Barragan before July 14, 1989, and disapproval of the award of penalties under section 440.20 prior to that date; that court’s opinion on these issues is adopted as the opinion of this court. In all other respects, our original opinion remains unchanged.
Accordingly, the ruling of the judge of compensation claims that awards benefits for offsets taken by the City of Miami prior to July 14, 1989, with penalties on any amounts prior to that date is reversed, and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
ERVIN and BOOTH, JJ., concur.

. The supreme court had previously denied review of this court’s decision in City of Miami v. Burnett, 596 So.2d 478 (Fla. 1st DCA), rev. denied, 606 So.2d 1164 (Fla.1992), wherein we held that the supreme court’s Barragan decision should be given retroactive effect to 1973 because the supreme court’s opinion did not contain any direction to give the decision prospective effect only.