PER CURIAM.
The petitioner seeks second-tier appellate review of the method used to calculate a set-off of his workers’ compensation settlement from his disability pension benefits. For the reasons stated below, this court is compelled to deny relief.
The facts of this case are fully set forth in Terry v. Board of Trustees of City Pension Fund, 854 So.2d 273 (Fla. 4th DCA 2003), and need not be repeated here. Our first review of this case required us to remand for the circuit court to consider the merits of Terry’s argument. Id. at 275. The circuit court thereafter addressed Terry’s contention that the method used by the Board of Trustees to calculate a set-off violated section 440.21(2), Florida Statutes. The circuit court disagreed and upheld the decision of the Board of Trustees.
Terry’s sole argument to the circuit court was the application, or misapplication, of Barragan v. City of Miami, 545 So.2d 252 (Fla.1989). Specifically, Terry complained the method employed by the pension board to set-off his workers’ compensation settlement from his disability pension effectively “wiped out” his settlement. Terry argued an alternative method should be employed.
Section 440.21(2), Florida Statutes, states “[a]n agreement by an employee to waive her or his right to compensation under this chapter is invalid.” This section has effectively been read to prevent employers from deducting workers’ compensation benefits from pension benefits. See Domutz v. So. Bell, 339 So.2d 636 (Fla.1976).
However, set-offs are permitted in certain circumstances. The Barragan court noted the “employer may not offset workers’ compensation payments against an employee’s pension benefits except to the extent that the total of the two exceeds the employee’s average monthly wage.” Id. at 255. As such, set-offs are permitted when the combination of workers’ compensation payments and pension benefits exceeds “the employee’s average monthly wage.” Id.
In the instant case, the record shows that Terry’s “average monthly wage,” as calculated under chapter 440, is $3,346.17. Terry’s pension payment is $2,794.26 per month and his workers’ compensation settlement pays $973.95 per month. Combined, Terry receives $3,768.21 per month, which exceeds his “average monthly wage.” Based on Bar-ragan, a set-off is appropriate to the extent the combined payments exceed the $3,346.17. See id.
Terry argues an alternative calculation is permissible, one that would compare the total payments with his “final monthly compensation” as calculated by his disability pension plan. The record shows Terry’s “final monthly compensation” to be *918 $4,319.47, which, if applicable under Bar-ragan, does not exceed the total payment amount. If this figure were used, no set-off would be permitted under Barragan.
We are aware that the effect of Board’s set-off, as approved by the circuit court, may to a great extent “wipe out” the benefit of Terry’s workers’ compensation settlement. However, we are compelled, by the manner this case comes before us, to deny Terry the relief he seeks. When challenging a circuit court’s appellate decision, a petitioner, such as Terry, is afforded a limited window of review. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982) (determining whether “the circuit court afforded procedural due process and applied the correct law”). This court “should exercise [its] certiorari discretion only in these cases where there has been a ‘violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” Martin County v. City of Stuart, 736 So.2d 1264, 1268 (Fla. 4th DCA 1999) (en banc) (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)).
In short, we are prevented from reviewing this case de novo and may reverse only if the lower court applied the incorrect law. A review of Barragan reveals no such error. The circuit court correctly applied the language used in Barragan, which requires a comparison between total payments and “average monthly wage.” The key word here is “wage” as this word has a specific meaning within chapter 440, distinct from “compensation.” Compare § 440.02(7) with § 440.02(28). Terry wants a comparison between the total payments and his final monthly “compensation.” Such a comparison is not warranted by the express language employed by the Barragan court. We cannot reverse, on second-tier review, based on the unsupported suggestion the supreme court inadvertently used “average monthly wage” when it meant “average monthly compensation.”
Based on the limited power of review afforded this court, and on the language used in Barragan, this court must deny certiorari relief.
FARMER, C.J., POLEN and STEVENSON, JJ., concur.