959 So.2d 370 (2007)
ORANGE COUNTY SCHOOL BOARD and United Self-Insured Services, Appellants,
v.
Mary Kathy POWERS, University of Central Florida, and State of Florida, Division of Risk Management, Appellees.
No. 1D06-0069.
District Court of Appeal of Florida, First District.
June 13, 2007.
*371 Debrah L. Zeitler and Thomas A. Moore, of Moore, Peterson & Zeitler, P.A., Orlando, for Appellants.
Mike E. Nebel, Orlando, and Bill McCabe, Longwood for Appellee Mary Kathy Powers; and William H. Lore, of Lore & Anger, P.A., Winter Park, for Appellees University of Central Florida and State of Florida, Division of Risk Management.
BARFIELD, J.
Appellants, the employer/servicing agent, appeal an order of the Judge of Compensation Claims awarding workers' compensation benefits to the claimant. The appeal raises the issue of whether the claimant, a student at the University of Central Florida (UCF) who was injured while interning in an Orange County School Board (OCSB) classroom, was an employee of the school board. We reverse the finding of the Judge of Compensation Claims that the claimant was an employee of the school board.
The claimant had previously worked as a paraprofessional for OCSB. In April of 2003, she elected an unpaid leave of absence to continue her studies full-time at UCF in order to complete internships required in order to obtain a degree in education. The claimant was assigned to intern at an elementary school in Orange County, working in a classroom for exceptional education students. The claimant paid UCF for 12 semester hours in order to participate in the internship. The claimant was not paid by OCSB for interning.
The claimant was injured on March 23, 2004, when a student shoved her from behind, resulting in her hitting a wall. The claimant reported the incident to the school, which completed a visitor accident/incident report. When she inquired about medical treatment, she was advised by the school to contact UCF. UCF advised the claimant that the university was not responsible for her injuries. The claimant then filed a petition for benefits, seeking benefits from OCSB. OCSB filed a notice of denial, asserting the claimant was not an employee of OCSB at the time of her accident. The Judge of Compensation Claims determined the claimant was an employee of OCSB at the time of her injuries.
"Employee," for purposes of workers' compensation coverage, is defined at section 440.02(15)(a), Florida Statute (2003):
"Employee" means any person who receives remuneration from an employer for the performance of any work or service while engaged in any employment under any appointment or contract for hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, and includes, but is not limited to, aliens and minors.
The Judge of Compensation Claims found the claimant was an employee of OCSB because she received remuneration or *372 valuable consideration from OCSB, even though she received no monetary remuneration, because the internship was required in order for the claimant to obtain her degree in education.
We reject the Judge of Compensation Claims' interpretation of the definition of "employee." Although the claimant obviously received a benefit from the internship because it was required to obtain her degree, the claimant was merely a full-time student of UCF who was participating in a course entitled "Internship II." Education received in exchange for payment of tuition is not remuneration for purposes of section 440.02(15)(a), Florida Statutes.
The Judge of Compensation Claims also found that the claimant was entitled to workers' compensation benefits pursuant to section 1012.39(3), Florida Statutes (2003). This subsection provides:
A student who is enrolled in a state-approved teacher preparation program in a postsecondary educational institution that is approved by rules of the State Board of Education and who is jointly assigned by the postsecondary educational institution and a district school board to perform a clinical field experience under the direction of a regularly employed and certified educator shall, while serving such supervised clinical field experience, be accorded the same protection of law as that accorded to the certified educator except for the right to bargain collectively as an employee of the district school board.
Section 1012.69, however, provides in part that nothing in chapter 1012 "shall supersede any of the provisions of the Workers' Compensation Law." Section 1012.39(3) does not automatically provide workers' compensation coverage. The claimant must still meet the definition of an employee in section 440.02(15)(a).
We also reject the claimant's assertion that if she was not an employee, she was a volunteer eligible for workers' compensation benefits under section 440.02(15)(d)(6), Florida Statutes (2003). This subsection provides that "employee" does not include a volunteer "except a volunteer worker for the state, county, municipality or other governmental entity." As the Judge of Compensation Claims correctly found, the claimant was not at the OCSB elementary school for the purpose of aiding. She was there to further her own goal of completing the required UCF course entitled "Internship II." UCF provided a handbook which set forth the goals and tasks the claimant was to pursue and achieve during the internship.
Because the claimant does not meet the definition of "employee," the order on appeal is reversed. We grant, however, the claimant's motion for appellate attorney's fees. As this Court observed in City of Miami v. Burnett, 596 So.2d 478, 479 (Fla. 1st DCA 1992), although "we seldom have awarded fees when the claimant did not prevail, there is no limitation as such in the statute. Furthermore, judicial imprimatur on the discretionary allowance of attorney fees is enveloped in an aura of age." In finally determining that claimant should receive a fee in this case at the expense of the employer, we are persuaded by the absence of any objection or challenge from the employer. Additionally, this case is one of particular importance as it determines whether the numerous postsecondary education level students participating in internships throughout the state are "employees" eligible for workers' compensation benefits. We grant the appellee's motion for attorney's fees payable by the employer and remand this case to the Judge of Compensation Claims to determine *373 the amount of the fee, if the parties are unable to agree.
REVERSED and REMANDED.
KAHN and VAN NORTWICK, JJ., concur.