Dear Mr. Jove:
As City Attorney for the City of Hallandale Beach, you have asked for my opinion on substantially the following question:
Does section 506.5131, Florida Statutes, preempt local legislation requiring a business owner to submit a prevention and retrieval plan to the city for shopping carts and imposing a monetary penalty for failing to submit such a plan?
Sections 506.501 — 506.519, Florida Statutes, are the "Carts, Cases, Baskets, Boxes, and Containers Act."[1] Section 506.513, Florida Statutes, makes it illegal
"[t]o remove any shopping cart . . . from the premises or parking area of a retail establishment with intent to deprive temporarily or permanently the owner of such cart, or the retailer, of possession of the cart."
The section about which you have inquired, section 506.5131, Florida Statutes, provides that
"(1) The rightful owner of any shopping cart with a registered name or mark found on public property shall be immediately notified of its recovery.
(2) Notwithstanding any other provision of law or local ordinance, no fee, fine, or costs may be assessed against the owner of a shopping cart unless the shopping cart was found on public property and was removed from the premises or parking area of a retail establishment by the owner of the shopping cart, or an employee acting on the owner's behalf, and the fee, fine, or cost has been approved by the Department of Agriculture and Consumer Services. This subsection shall not apply to any ordinance adopted after January 31, 2002, and prior to June 30, 2002, that requires a business establishment to install a retention system to retain shopping carts within the real property boundaries of a business location."
Violations of these provisions are a misdemeanor of the first degree.[2] Thus, the statute prohibits a municipality from imposing any fees or costs on business owners for any reason other than those specifically set forth in the statute.
In Florida, a municipality is given broad authority to enact ordinances under its municipal home rule powers[3] and may legislate concurrently with the Legislature on any subject which has not been expressly preempted to the State.[4] Preemption takes a topic or a field in which local government might otherwise establish appropriate local laws and reserves that topic for regulation exclusively by the state legislature.[5] Express preemption requires a specific statement; an express preemption cannot be made by implication or inference.[6] However, the Legislature may act to reserve a subject to the state for regulation without using the specific language of preemption and create a preemption by effect.[7] No express language of preemption is evident in section 506.5131, Florida Statutes.
By its terms, section 506.5131, Florida Statutes, prohibits a local government from adopting any regulation imposing a fee, fine, or costs on the owner of a shopping cart unless the cart was 1) found on public property; and 2) removed from a retail establishment by the owner or an agent of the owner. Further, such a fee or fine may only be imposed after approval by the Department of Agriculture and Consumer Services. Legislative direction as to how a thing is to be done prohibits its being done in any other way.[8] Thus, the provisions of section506.5131, Florida Statutes, control the assessment of fees, fines, and costs for the return of shopping carts.
Local legislation concerned with the health, safety, and welfare of the public which does not conflict with the provisions of sections506.513 and 506.5131, Florida Statutes, may be enacted, however. Thus, an ordinance requiring a plan for the recovery of stolen or abandoned shopping carts that does not impose fees, fines, or costs on the owner of those carts would be permissible under section 506.5131. Because the statute clearly contemplates the imposition of a fine or costs on the owner of a shopping cart only when the cart is found on public property and only under the circumstances described in section 506.5131, an ordinance may not impose a fine or costs under any other circumstances.[9]
In sum, it is my opinion that section 506.5131, Florida Statutes, controls the assessment of fees, fines, and costs against the owners of stolen or abandoned shopping carts. However, while a local government may not adopt conflicting legislation, legislation treating other aspects of this subject matter may be enacted.
Sincerely,
Bill McCollum
Attorney General
[1] See s. 506.501, Fla. Stat., providing a short title.
[2] Misdemeanors of the first degree are punishable as provided in s.775.082 or s. 775.083, Fla. Stat.
[3] See Art. VIII, s. 2(b), Fla. Const., and ss. 166.021(1), (3)(c), (4), Fla. Stat.
[4] Wyche v. State, 619 So. 2d 231, 237-238 (Fla. 1993) (citingCity of Miami Beach v. Rocio Corp., 404 So. 2d 1066, 1069 (Fla. 3d DCA 1981)); see also, Barragan v. City of Miami, 545 So. 2d 252, 254 (Fla. 1989) (stating that the municipal home rule powers act "limits cities from legislating on any subject expressly preempted to state government by general law").
[5] Phantom of Clearwater, Inc. v. Pinellas County, 894 So. 2d 1011,1018 (Fla. 2d DCA 2005).
[6] Florida League of Cities, Inc., v. Department of Insurance Treasurer, 540 So. 2d 850, 856 (Fla. 1st DCA 1989) (quoting Board ofTrustees v. Dulje, 453 So. 2d 177, 178 (Fla. 2d DCA 1984)); see alsoPhantom of Clearwater, Inc., id. at 1018 ("Express preemption . . . must be accomplished by clear language stating that intent."); Edwards v.State, 422 So. 2d 84, 85 (Fla. 2d DCA 1982) ("An 'express' reference is one which is distinctly stated and not left to inference.").
[7] Barragan, supra n. 4, citing Tribune Co. v. Cannella,458 So. 2d 1075 (Fla. 1984).
[8] Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v. SeaIsle Hotel, 56 So. 2d 341, 342 (Fla. 1952); Thayer v. State,335 So. 2d 815, 817 (Fla. 1976).
[9] See Inf. Op. to Berntsson, Feb. 5, 2001, advising that the Department of Agriculture would consider a request from a municipality for imposition of a fine, fee, or cost under the circumstances described in s. 506.5131.